A91A1160. JENKINS v. THE STATE.
(413 SE2d 460)

Judge Arnold Shulman.

The appellant was convicted of two counts of burglary and sentenced to 20 years imprisonment. He did not file a timely notice of appeal or motion for new trial; however, based on a determination that his failure to do so was attributable to ineffective assistance of counsel, the trial court entered an order granting him leave to file an out-of-time appeal. The present appeal was filed pursuant to that order.

The two burglaries occurred on the same morning and involved residences located in the same subdivision. A stereo, a VCR, and a distinctively patterned quilt were stolen from the home of Traci Brown, while a cable converter box, a television with remote control, a VCR, and a blue blanket were stolen from the home of Peter Smith. As officers from the sheriff's department were investigating the burglary of the Smith home, a neighbor, Ms. Butler, approached them and reported that several months previously, before Mr. Smith had moved in, she had seen a man emerge from what was now his house carrying a rifle and then drive off in an "old Oldsmobile that was blue." She told the officers that she had since seen this same vehicle parked outside another residence located in the subdivision, and at their request she took them to that residence, which was located on Chickamauga Street. One of the officers testified that Ms. Butler described the vehicle in question as a blue Oldsmobile Cutlass, while another testified that she described it as a blue Pontiac Grand Prix. While driving through the area, the latter officer subsequently passed a vehicle which appeared to him to be a blue Pontiac Grand Prix, and he recorded its tag number and "put out a lookout" for it.

Shortly thereafter, two patrolmen in separate vehicles saw a blue Oldsmobile bearing the tag number in question parked in the driveway of a home located just outside the back entrance to the subdivision. Immediately after driving past this vehicle, they saw it back out of the driveway and head back into the subdivision. They pursued and stopped it and questioned the driver, who proved to be the appellant. The appellant was unable to explain why he had been parked in the driveway where the officers had initially seen him and acknowledged that he did not know the people who lived at that location. After asking for and receiving his permission to do so, the officers then opened the trunk of his car. Inside, they saw two blankets "covering over what appeared to be a TV or a VCR"; however, when they reached to lift up the blankets to see what was under them, the appellant stopped them, stating that he had only given them permission to look inside the trunk, not to look under the blankets.

The patrolmen were unaware at this time that the lookout for the appellant's vehicle had been instituted in connection with two recent burglaries in which a TV, a VCR, and two blankets had been stolen. Because the appellant's vehicle was registered to a woman with a Chickamauga Street address and because the appellant told the officers that he lived on Chickamauga Street and was returning home, they accordingly allowed him to leave. However, after communicating over the radio with the officers who were investigating the burglaries, they began looking for him again. Officer Hill located him approximately three to five minutes later near the main entrance to the subdivision, "traveling away from the playground and picnic area which is located back down that way." He detained him again; and shortly thereafter, Lt. Higgins, one of the officers involved in the burglary investigation, arrived on the scene. After advising him of his rights, Lt. Higgins asked the appellant for permission to look inside the trunk of his vehicle, and again the appellant agreed. Officer Hill testified that "[t]his time the blue blanket and the other blanket were just laying in the bed of the trunk and whatever that [had been] up under the blue blanket was gone." However, a remote control device was found wrapped up inside one of the blankets.

Recognizing the blankets as "being like the ones that Mrs. Brown and Mr. Smith . . . had described," Lt. Higgins took the appellant into custody and questioned him about them. He testified that the appellant initially told him the blankets and the remote control belonged to him and had been inside his trunk for some time, but that upon being told such items had recently been stolen from two homes located in the subdivision, he changed his story and maintained that he had just recently found the blankets in a nearby playground. The appellant denied any knowledge of the remote control device at this time and suggested that it must have been tangled up in the blankets

when he put them in the trunk. Lt. Higgins testified that when he asked the appellant to explain the discrepancy between these two accounts, the appellant stated simply that he was unable to do so. The next day, a TV, VCR, and cable converter box were found in the woods near the playground in question. These items, along with the remote control device and the blue blanket recovered from the trunk of the appellant's vehicle, were identified by Mr. Smith as having been stolen from his home, while the quilt recovered from the appellant's trunk was identified by Mrs. Brown as the one which had been stolen from her home.

1. The appellant contends that his trial counsel rendered ineffective assistance by withdrawing from the case after the trial without filing a notice of appeal or motion for new trial, by failing to move to suppress the items seized from his vehicle on the ground that his initial detention by the two patrolmen was unlawful, and by failing to object to his being sentenced as a recidivist pursuant to OCGA § 17-10-7. The failure to file a timely notice of appeal or motion for new trial has, of course, been remedied by the grant of the present out-of-time appeal. For the reasons hereinafter stated, we hold that the other two alleged deficiencies in the representation provided by trial counsel similarly resulted in no harm to the appellant.

2. "Even in the absence of probable cause, a police officer 'may stop an automobile and conduct a limited investigative inquiry of its occupants . . . if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' [Cit.]" *Mallarino v. State*, 190 Ga. App. 398, 401 (379 SE2d 210) (1989). Clearly, the initial stop of the appellant's vehicle was not arbitrary or harassing. Rather, it occurred because a lookout had been placed for it due to its having been spotted by police during a burglary investigation, shortly after a neighbor reported having seen a vehicle meeting its description involved in prior suspicious activity in the neighborhood. The patrolmen who stopped the vehicle testified that it was parked in a driveway located just outside the subdivision when they first observed it but that it backed out of the driveway and proceeded back into the subdivision immediately after they passed it. Under the circumstances, the patrolmen could reasonably have considered this a "sufficiently suspicious and . . . furtive response . . . to give the officer at least a reasonable suspicion of . . . criminal activity and to warrant further investigation." *State v. Webb*, 193 Ga. App. 2, 4 (386 SE2d 891) (1989). Consequently, their action in detaining the appellant temporarily to determine his identity and his reasons for being in the neighborhood did not constitute a violation of his Fourth Amendment rights.

3. The indictment alleged that the appellant had been convicted

of two prior felonies. During the sentencing hearing, the state introduced certified copies of these two convictions as well as a certified copy of a third prior felony conviction which had not been alleged in the indictment. The appellant contends that under these circumstances, the trial court was not authorized to sentence him as a recidivist pursuant to OCGA § 17-10-7.

"The rule set forth in *Black v. Caldwell*, 231 Ga. 589 (203 SE2d 208) (1974), still applies. That is, before a defendant may be sentenced as a recidivist, he must have been indicted as a recidivist so that the indictment reflects the maximum punishment to which the defendant can be sentenced." *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988). Since the indictment in this case alleged only two prior felony convictions and contained no language suggesting that evidence of a third such conviction would be introduced, it follows the trial court was not authorized to impose fourth-offender punishment pursuant to OCGA § 17-10-7 (b). However, it is evident from the record that no such punishment was in fact imposed. OCGA § 17-10-7 (b) specifies that upon conviction of a fourth felony offense, a defendant must "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." The appellant's sentence contained no such provision, and the record before us reflects that he has in fact already been paroled and is no longer in confinement for the present offenses.

Since the indictment did allege that the appellant had been convicted of two prior felonies, it did support the imposition of recidivist punishment pursuant to OCGA § 17-10-7 (a), which provides that a defendant who is convicted of a third felony "shall be sentenced to undergo the longest period of time prescribed for the punishment of [such offense], provided that, unless otherwise provided by law, the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense." Accord *Darty v. State*, supra. Accordingly, the trial court did not err in sentencing the appellant pursuant to this provision.

4. "To convict a defendant of burglary based upon recent possession of stolen goods, it must be shown that the goods were stolen in a burglary and there must be an absence of or an unsatisfactory explanation of that possession. [Cit.] Whether the defendant's explanation of the possession was a satisfactory explanation is a question for the jury. [Cits.]" *Bankston v. State*, 159 Ga. App. 342 (4), 343-344 (283 SE2d 319) (1981). Construed in favor of the verdict, the evidence in this case was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the two burglaries of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1991.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
*Willis B. Sparks III*, District Attorney, *Robin O. Flanders, Kimberly S. Shumate*, Assistant District Attorneys, for appellee.