A92A0676. JIRLES v. THE STATE.
A92A0677. THOMASON v. THE STATE.
(419 SE2d 117)

JOHNSON, Judge.

George Travis Thomason and co-defendant Wilma Jirles were convicted by a jury of cruelty to children. They appeal from their convictions and the denial of their motions for new trial.

1. Both Thomason and Jirles argue that there was insufficient evidence at trial to support the jury's verdict. We disagree.

The evidence showed that the victim, Jirles' nine-year-old son, has Down's Syndrome and lived with Jirles and Thomason. The State introduced photographs, x-rays, medical records and testimony of a pediatrician regarding the injuries suffered by the victim. The evidence showed that the victim suffered a broken right arm, a broken left wrist, three fractured vertebrae and numerous bruises, some of which indicated that he had been bound and gagged. The pediatrician testified that in his opinion the victim's injuries resulted from child abuse.

Both Jirles and Thomason initially told police that the child was injured when he slipped on the icy front porch of their home. Jirles later recanted and admitted to the police that she had fabricated the story. At trial, both Jirles and Thomason admitted that they had lied and that the child was not injured by slipping on ice. They further claimed that they did not know how he sustained the injuries. Reviewing the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found both Thomason and Jirles guilty beyond a reasonable doubt of cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thomason also enumerates as error the trial court's refusal to give his requested charge on accident. This argument is without merit. " 'A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence.' [Cit.]" *Grant v. State*, 197 Ga. App. 878, 880 (2) (399 SE2d 743) (1990). Thomason testified that he did not know how the victim was injured and that he had never accidentally injured the victim. There is no evidence in the record to support a charge on accident. Thus, the trial court did not err in refusing to charge on accident.

*Judgments affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 18, 1992.

*James E. Greene,* for appellant (case no. A92A0676).

*Culverhouse & Deems, T. Neal Brunt,* for appellant (case no. A92A0677).

*Darrell E. Wilson, District Attorney, Brett W. Ladd, Assistant District Attorney,* for appellee.