## A93A0579. WAINWRIGHT v. THE STATE.
(432 SE2d 555)

BEASLEY, Presiding Judge.

Wainwright was convicted of six counts of aggravated assault with a deadly weapon. OCGA § 16-5-21 (a) (2). He was sentenced as a recidivist, under OCGA § 17-10-7 (a), to six concurrent twenty-year terms, to serve fourteen years in prison and six years on probation.

The offenses were committed in the early morning hours on February 2, 1992. Wainwright, his friend Stephens, and another friend arrived at a local establishment shortly before closing time. Bobby Ingram and a number of his relatives and friends were there playing pool and drinking. Ingram suggested that his party adjourn to his home. The evidence is in conflict as to whether Wainwright and his two friends were invited as well, but they went with the others to Ingram's trailer and were not prevented from entering. An argument later developed between Stephens and Ingram, and Ingram asked Wainwright and his friends several times to leave.

The evidence about what transpired thereafter sharply conflicted. Wainwright testified that he and his friends were in the process of leaving when the host and a number of the guests, armed with various weapons and household implements, attacked him. The State's witnesses all testified that they had been unarmed and had not provoked Wainwright, and that after Stephens and one of the other guests began scuffling, Wainwright attacked several of those present with a metal level taken from his truck. Several of them suffered severe beatings, and at least one sustained broken limbs.

1. At Wainwright's request, the court charged the jury on self-defense. Wainwright also requested a charge that a person is justified in using force against another to the extent that he reasonably believes that such force is necessary to defend a third person. Arguing that he assaulted the victims only in defense of Stephens, Wainwright contends the court erred in refusing to give this requested charge.

"A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evi-

dence." (Citations and punctuation omitted.) *Jirles v. State*, 204 Ga. App. 268 (2) (419 SE2d 117) (1992). Thus, before such a charge is warranted, there must be legally sufficient evidence in support of the asserted defense. *Wells v. State*, 186 Ga. App. 62, 63 (2) (366 SE2d 397) (1988).

Although Wainwright asserts that some of the testimony given by the State's witnesses may be construed as consistent with the theory that he assaulted some of the victims with the level in defense of Stephens, his own testimony on cross-examination contraindicates any such motivation. The prosecutor asked Wainwright specifically: "I want to make sure, you're not saying you hit any of these people because you were defending Steve?" Wainwright answered: "No, sir, I was defending me." This answer was reinforced and repeated several times. Given Wainwright's clear testimony in this regard, the trial court did not err by refusing to give the requested charge. See *Smith v. State*, 260 Ga. 274, 276-277 (5) (393 SE2d 229) (1990); *Jirles*, supra.

2. Wainwright's next two enumerations of error are directed at his sentencing as a recidivist under OCGA § 17-10-7 (a) after the State introduced evidence of two prior felony convictions.

(a) Citing *Riggins v. Stynchcombe*, 231 Ga. 589 (203 SE2d 208) (1974), he maintains the court erred in sentencing him pursuant to OCGA § 17-10-7 (a) because he was not indicted as a recidivist.[1]

"Under Georgia's old two-step felony trial procedure where sentence was imposed by the same jury which decided guilt, it was required that in order for any prior convictions to be considered in aggravation of punishment, they had to be included in the indictment. [Cit.] Since 1974 when Georgia adopted judge sentencing, OCGA § 17-10-2, it is not required that the prior convictions be included in the indictment but only that the accused receive notice of the state's intention to seek recidivist punishment and of the identity of the prior convictions. [Cits.]" *Favors v. State*, 182 Ga. App. 179 (1) (355 SE2d 109) (1987). Of course, if the prior conviction is an element of the crime, it must be alleged and proved. *Favors*, supra at 180 (2). Also, where the nature of the offense is changed from misdemeanor to felony by its repetition, such as felony shoplifting under OCGA § 16-

---

[1] *Riggins* is one of three cases dealt with in the Supreme Court opinion cited. Appellant's argument actually relates to the positions taken by the other two appellants, Black and Couch. Their indictments, like Wainwright's, did not allege any prior convictions. They complained that this meant that the grand jury did not expose them to the greater maximum sentences and also that this resulted in their not having proper notice of their exposure to greater maximum sentences. The maximum for one auto theft was seven years, whereas the maximum for a third or subsequent offense was twenty years. Former Code Ann. § 26-1813 (a), (b). Black was sentenced to 20 years and Couch was sentenced ·to 15 years. Riggins' indictment, on the other hand, did allege the prior convictions. He complained that they were used to convict him because they were known by the jury which decided guilt or innocence.

8-14 (b) (1) (C), recidivism must be alleged in the indictment "so that the indictment reflects the maximum punishment to which the defendant can be sentenced." *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988). This aspect of *Riggins*, involving the grand jury's role, seems to have been ignored in *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526) (1984), where an increased *maximum* was allowed even though the basis was not alleged in the indictment. The notice to defendant required by OCGA § 17-10-2's procedural rule was regarded as sufficient to serve "the only purpose" for including prior convictions in the indictment. Id. at 854-855. Although the Supreme Court did not compare or equate OCGA § 16-13-30 (d) with OCGA § 17-10-7, both provisions give direction as to the imposition of punishment under specified aggravated circumstances. However, OCGA § 16-13-30 (d) increases the *maximum* from 15 years to life for the subsequent offense, whereas OCGA § 17-10-7 does not increase the maximum but adds weight in favor of its imposition.

In Wainwright's case, the maximum penalty for one aggravated assault was twenty years. OCGA § 16-5-21 (b). That was not changed by OCGA § 17-10-7. The grand jury exposed him to a maximum 20-year sentence, and he was given notice of it by the indictment. OCGA § 17-10-7 merely gives direction as to the imposition of punishment under certain aggravated circumstances. *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985). Accord *Mitchell v. State*, 202 Ga. App. 100 (413 SE2d 517) (1991); *Rhodes v. State*, 200 Ga. App. 193, 199 (7) (407 SE2d 442) (1991); *State v. Freeman*, 198 Ga. App. 553, 556-557 (3) (402 SE2d 529) (1991). See generally *Mays v. State*, 262 Ga. 90, 91-92 (1) (b) (414 SE2d 481) (1992). The procedure for doing so, which requires advance notice to defendant, is set out in OCGA § 17-10-2.

*Jenkins v. State*, 201 Ga. App. 654, 656-657 (3) (413 SE2d 460) (1991), cited by Wainwright, indicates that the rule is that the indictment must allege the prior offenses, if they are to constitute the basis for enhanced punishment under OCGA § 17-10-7. This dicta in *Jenkins* is disapproved and will not be followed. *Darty* is quoted, including its citation of *Black* (*Black v. Caldwell*, 231 Ga. 589 (203 SE2d 208) (1974)) (cited by appellant as *Riggins*; see footnote 1), but those two cases differ from Jenkins's situation. He was convicted of burglary, not a crime which carried an increased maximum sentence under unindicted circumstances. Where the prior convictions do no more than subject defendant to a greater risk of the maximum sentence (OCGA § 17-10-7 (a)) or even to a certainty of the maximum sentence (OCGA § 17-10-7 (b)) for the crime as indicted, the prior convictions need not be alleged in the indictment. Imposition of the maximum sentence has already been authorized by the grand jury's action, and adequate advance notice to defendant is assured by

OCGA § 17-10-2 (a).

The sentences imposed on Wainwright, 20 years imprisonment on each count, are within the statutory limits for the crimes as indicted, see OCGA § 16-5-21 (b), and within the trial court's discretion. The judgment will not be disturbed. *Rhodes*, supra.

(b) Wainwright also contends he did not receive "unmistakable advance warning" as required by *State v. Hendrixson*, supra at 854, that the State intended to introduce the prior convictions in aggravation of sentence. Prior to the selection of a jury on the day trial commenced, the prosecutor provided Wainwright's counsel with written notice that included the dates of the prior convictions, the nature of the offenses, and the sentences imposed. Both Wainwright and his counsel were given oral notice during the week prior to trial that the State would introduce prior convictions. At the sentencing, certified copies were introduced. It has been held that receipt prior to jury selection constituted timely notice pursuant to OCGA § 17-10-2. *Day v. State*, 188 Ga. App. 648, 650 (8) (374 SE2d 87) (1988).

The statute requires that "clear notice" be given. *Potts v. State*, 241 Ga. 67, 83 (14) (243 SE2d 510) (1978). *Hendrixson* does not detail what type of notice was given or how specific it was or when it was given; it only notes that the notice was in "compliance." *Hendrixson*, supra at 855. Wainwright neither alleges nor shows any harm from any lack of specificity in the notice or from the timing of its giving, so we are compelled to conclude that the notice received by Wainwright was sufficient.

3. Wainwright enumerates as error the court's refusal to allow him to testify in his own behalf in mitigation of sentence. The colloquy between his counsel and the court, as revealed by the record, does not support his contention that he was prohibited from testifying.

After the prosecutor had presented evidence in aggravation of sentence, the court inquired whether defense counsel had any evidence to present in mitigation. Wainwright's counsel responded: "I would assume then that he would have the opportunity to get up here and take the stand and testify maybe as to why he pled guilty, that type of thing?" There ensued some conversation as to whether such evidence would be helpful since, as the court pointed out, the convictions existed and Wainwright could not set them aside. Defense counsel concluded by saying: "No, sir. I can't imagine any evidence we could offer."

The trial court did not rule that Wainwright could not testify. Even if the trial court's comment about the prior convictions was incorrect (see *Potts*, supra at 83 regarding defective convictions), Wainwright did not object or request to make an offer of proof as to the content of his testimony. His response by counsel was merely to indicate that Wainwright had no evidence to offer. This silence deprived

him of the right to complain on appeal. See *Smith v. State*, 192 Ga. App. 768, 771 (386 SE2d 530) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 6, 1993 —
RECONSIDERATION DENIED JUNE 1, 1993.

*Edward N. Davis*, for appellant.

*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney*, for appellee.