A94A1582. CAUSEY v. THE STATE.
(452 SE2d 564)

RUFFIN, Judge.

Appellant, Robert Causey, was tried and convicted by a jury of aggravated battery against his wife and he appeals the conviction. The evidence showed that Causey's wife was severely bruised, beaten and in a coma when he brought her to the hospital. She was diagnosed with a subdural hematoma, more commonly understood as bleeding on the surface of the brain. Mrs. Causey is now in a vegetative state.

The night of the incident, Causey was taken into custody, given his *Miranda* rights and interviewed on videotape. During the interview he confessed that he and his wife had argued and he had slapped her, left finger marks on her face and that one strike "bounced her off the wall." The confession was played for the jury. In addition, a nurse who attended Mrs. Causey testified that she asked Causey how his wife's injuries were caused and he replied that he "just went off" and "threw her against the wall."

At trial, however, Causey denied even slapping his wife and insisted that she had suffered a seizure from cocaine use that evening which in turn caused her to fall on the bathroom floor, hit her head

and go into a coma. The State presented evidence from a forensic pathologist as well as Mrs. Causey's neurosurgeon that the bruises and marks on Mrs. Causey's face were consistent with multiple blows from a human hand and inconsistent with a fall.

1. Causey contends the evidence was insufficient to enable a rational trier of fact to find proof of aggravated battery beyond a reasonable doubt. "On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence. . . ." (Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). The record, including Causey's confession, the testimony of hospital personnel about Causey's admissions and the testimony of the pathologist and neurosurgeon, reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Causey was guilty of the offense of aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Causey contends the trial court erred in failing to charge on the lesser included offense of simple battery. "The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. [Cit.]" *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Here, there was no evidence at all that Causey committed the lesser offense of simple battery by virtue of his denial that he slapped his wife and his insistence that her injuries were caused by an overdose of cocaine resulting in a seizure which caused her to fall and hit her head. However, the jury did hear ample evidence that Causey committed aggravated battery. "Under this evidence, appellant was either guilty of aggravated battery or not guilty of any crime." *McKissic v. State*, 201 Ga. App. 525, 526 (411 SE2d 516) (1991). This enumeration is without merit.

3. Causey contends the trial court erred in failing to allow him to introduce evidence of his wife's prior drug use because the excluded evidence was the core of his defense that his wife's injuries were caused by a cocaine induced seizure. The exclusion of evidence on grounds of relevancy is a matter which rests within the sound discretion of the trial court and such a determination will not be disturbed on appeal absent a clear abuse of discretion. *Moss v. State*, 206 Ga. App. 310 (1) (425 SE2d 386) (1992). We find no abuse of discretion. The court's restriction was only as to testimony about *prior* drug use by either Mr. or Mrs. Causey. However, Causey was allowed to testify as to his wife's use of cocaine on the night of the incident. Furthermore, despite the fact that the defense presented no medical evidence

that Mrs. Causey had indeed suffered a seizure and the State presented expert medical testimony from a forensic pathologist and Mrs. Causey's neurosurgeon showing the injuries were inconsistent with a seizure, the court allowed Causey's pharmacology expert to testify that cocaine use can cause seizures in humans. Causey was also allowed to testify that his wife had a seizure that night. Thus, we are satisfied the trial court did not exclude evidence critical to Causey's defense, but simply prevented non-probative evidence from being presented to the jury.

4. Causey contends the trial court erred in restricting testimony from his pharmacology expert as to why the expert thought Mrs. Causey had overdosed on drugs and why people inject drugs in their neck. We can find no place in the record, including those pages cited in Causey's brief, where the subject of the expert's opinion regarding an overdose was raised. Thus, we find nothing for review. "No question is presented to this court unless the enumeration of errors and record clearly show that the question was presented to and passed on by the trial court." (Citations and punctuation omitted.) *Loden v. State*, 199 Ga. App. 683, 689 (7) (406 SE2d 103) (1991).

As to the expert testifying about why, in his experience, people inject drugs into their neck, Causey apparently expected the expert would testify that it is generally experienced cocaine users or addicts who do so, thus getting before the jury evidence about prior drug use that the court had already ruled inadmissible. The court ruled that the proffered testimony about why people generally engage in this practice was speculative and had no applicability to the particular situation at hand. The court also found the testimony inconsistent with testimony Causey gave during a proffer that Dilaudid (rather than cocaine) was the drug his wife usually injected. We reiterate that a trial court's exclusion of evidence will not be disturbed absent an abuse of discretion. *Moss*, supra. We find no such abuse here, particularly as we have already affirmed the court's ruling excluding evidence of prior drug use, which the proffered testimony would appear to violate.

5. Causey contends the trial court erred in allowing the State to show a videotape of Mrs. Causey in her present permanent vegetative state because it was prejudicial and repetitive. We disagree. "To prosecute an accused for [aggravated battery], it must be shown that the defendant [maliciously] caused bodily harm to another by . . . rendering a member of his body useless. . . . We find that the videotape was relevant and had probative value in that it illustrated for the jury the extent of . . . the victim's injuries." (Punctuation omitted.) *Dudley v. State*, 204 Ga. App. 327, 328 (2) (419 SE2d 138) (1992).

6. Causey contends the trial court erred by allowing the State to put his character in issue. Inexplicably, he cites four pages in the rec-

ord to support this argument, but fails to specify any particular statement which did so. Nor does Causey show that he objected to his character being placed in issue with any of these unidentified statements or how he was harmed by them. Because the issue was not preserved for appeal and because neither the alleged error nor any harm have been specified on appeal, this enumeration is without merit. See *Loden,* supra and *Asbury v. Ga. World Congress Center,* 212 Ga. App. 628, 632 (442 SE2d 822) (1994) (instructing that this court's function is not to cull the record on behalf of a party to search for error and that appellant must show harm from the alleged error).

7. Causey contends the trial court erred in allowing into evidence his videotaped confession because the State did not provide him a complete copy as required by former OCGA § 17-7-210. However, the State provided Causey a summary of the statement that the court found to be very consistent with the actual statement with no material omissions. "A 'verbatim account' of defendant's statements was not required, where counsel was given a written summary of the statement prior to trial which included all relevant and material portions of the defendant's . . . in-custody statements. [Cit.]" *Orr v. State,* 209 Ga. App. 832, 834 (434 SE2d 723) (1993). Like his contention regarding the character evidence, Causey has failed to articulate in what respect the summary was deficient or how he was harmed by it. Thus, this enumeration presents no grounds for reversal.

8. Causey contends the trial court erred in allowing the State to use x-rays at trial because they were not disclosed prior to trial as required at the time by former OCGA § 17-7-211. However, that Code section requires only "written scientific reports" to be furnished to the defendant and "x-rays . . . [are] not discoverable as written scientific reports inasmuch as they [do] not contain the [doctor's] conclusions and findings, but had to be interpreted by him to attain significance." *Harris v. State,* 260 Ga. 860, 864 (4) (401 SE2d 263) (1991). This enumeration is without merit.

9. Causey contends the trial court erred in excluding the results of a drug screening performed on the victim in the hospital. We disagree. First, it is unclear what the drug screening showed. Presumably, it was positive for certain drugs, but Causey's counsel made no proffer on the record as to the results and has not made the results part of the record for our review on appeal. We cannot consider allegations of error in the brief of a party which are not supported by evidence in the record. See *Fields v. State,* 194 Ga. App. 149, 151-152 (390 SE2d 71) (1990) (a proffer of what the excluded evidence would have shown is necessary to afford a basis for an assertion of error); *Bowman v. State,* 186 Ga. App. 544, 549 (368 SE2d 143) (1988) (holding that failure to make a proffer as to expected testimony prevents appellate review of same). Further, the State objected to the evidence because

such screenings have not reached a state of scientific certainty and are not yet a scientifically accepted method to prove the presence of drugs in an individual's body. In support of its objection, the State cited warnings from the manufacturer of the screening device that the device gave only preliminary analyses, that it was not the preferred method to confirm drug use and it could give false positives for a variety of reasons. The record does not reveal that Causey countered with any evidence as to the scientific validity or reliability of the test. Under these circumstances, we cannot say the trial court abused its discretion in excluding the results.

10. Causey contends he was denied effective assistance of counsel in five ways. We have held that in order to show ineffective assistance, the appellant "must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different." (Punctuation omitted.) *Postell v. State*, 212 Ga. App. 868, 869 (443 SE2d 530) (1994) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)). "The failure to establish either element of the test will result in the denial of defendant's claim of ineffective counsel." *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

(a) Causey contends he was denied effective assistance of counsel by virtue of the fact that his counsel waived a *Jackson-Denno* hearing as to his confession. We disagree. The record reveals that after counsel waived the hearing, the court explained to Causey his right to object to the statement if it was not voluntarily made, and Causey stated he understood the right and waived it. Furthermore, on appeal, Causey does not even argue that the statement was involuntary and makes no showing that the outcome of the trial would have been different had such a hearing taken place. This enumeration is without merit.

(b) Causey alleges his counsel failed to adequately cross-examine the State's medical experts on the cause of Mrs. Causey's injuries. However, he fails to cite a single page in the transcript to support this contention and does not specify the way in which the cross-examination was allegedly deficient. He is therefore deemed to have abandoned this argument pursuant to Court of Appeals Rule 15 (c) (2).

(c) Causey also contends he was denied effective counsel because his attorney failed to have a defense expert testify on the cause of his wife's injuries and failed to object to an investigating officer's testimony that the victim's injuries were typical of those in domestic violence. We disagree. Following *Strickland*, supra, our Supreme Court has held "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose

of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (Punctuation omitted.) *Postell v. State*, supra.

With regard to these two allegations of ineffectiveness, we find that in light of the overwhelming evidence from the State's medical experts that the injuries were consistent with blows from a hand and inconsistent with either a seizure or a fall, the nurse's testimony about Causey's admissions and Causey's confession, the "defendant has failed to show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) Id. at 870. These enumerations are without merit.

11. Causey contends that he was denied effective counsel by his attorney's failure to object to his being sentenced as a recidivist. He also contends the trial court erred in sentencing him as a recidivist because he was not indicted as such. We address these enumerations together. Causey relies on *Jenkins v. State*, 201 Ga. App. 654, 657 (413 SE2d 460) (1991) for his argument. However, in *Wainwright v. State*, 208 Ga. App. 777, 779-780 (432 SE2d 555) we explicitly overruled *Jenkins's* requirement that a defendant be indicted as a recidivist prior to being sentenced as such where the prior convictions do no more than subject the defendant to a certainty of the maximum sentence for the crime indicted. Id. Causey was sentenced to the maximum sentence for aggravated battery pursuant to OCGA § 16-5-24 (b). Accordingly, these enumerations are without merit.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — 

*Jill L. Anderson, Elizabeth A. Geoffroy*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.