## A96A2105. WIDEMAN v. THE STATE.
### (476 SE2d 49)

ELDRIDGE, Judge.

A jury found Clay Wideman guilty of burglary and giving a false name; he appeals.

1. Appellant challenges the sufficiency of the evidence supporting his conviction. In a light most favorable to upholding the jury's verdict, the evidence shows that appellant waited until Jasper Thompkins left his house on Laney Walker Boulevard in Richmond County. He then came onto the porch of Thompkins' house, wrapped a piece of paper around his hand, and broke out a window of the house. Appellant entered the house through the broken window. Pursuant to a neighbor's call, the police arrived at the victim's house as appellant was coming out the front door. Appellant attempted to run, but the police stopped him; he had a TV remote control device in his hand and a screwdriver in his pocket. A television set had been removed from a TV stand and placed in a chair in the victim's bedroom. Upon inquiry, appellant told the police that his name was "Reggie White." The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses of burglary and giving a false name. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims as error the trial court's failure to charge the jury on OCGA § 16-8-10 (2), which provides an affirmative defense to one charged with theft by taking if the defendant "[a]cted under an honest claim of right to the property . . . involved[.]" Although appellant neither requested such a charge nor objected to the charge as given, he maintains that this "claim of right" charge was his sole defense and was directed at the underlying felony of theft which supported his burglary conviction; thus, appellant contends that the failure to charge the jury thereon was reversible error as a matter of law. Under the facts of this case, we disagree.

A request to charge must be legal, apt, precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Wainwright v. State*, 208 Ga. App. 777 (432 SE2d 555) (1993); *Jirles v. State*, 204 Ga. App. 268 (419 SE2d 117) (1992). Even raising the hue and cry of "sole defense" does not mandate that a charge be given without some evidence to support it. *Hayes v. State*, 193 Ga. App. 33, 37 (8) (387 SE2d 139) (1989); *Wells v. State*, 186 Ga. App. 62 (366 SE2d 397) (1988). At trial, appellant admitted that his entry into the victim's home was unauthorized. However, appellant testi-

fied that he was only seeking to remind the victim that he owed appellant an additional $20 for a Zenith 19-inch television set the victim had allegedly purchased from appellant the day before. To this end, appellant picked up and moved a Quasar television set for which the victim had a receipt from Macy's; appellant was caught by the police with a Quasar TV remote control in his hand. Thus, appellant's contentions regarding the sale to the victim of a Zenith television set provided no evidence to support a jury charge regarding an "honest claim of right to the property . . . involved" in this incident, i.e., a Quasar television set, pursuant to OCGA § 16-8-10 (2). There was no error in the charge as given. Compare *Edens v. State*, 197 Ga. App. 146 (397 SE2d 612) (1990).

3. Appellant contends that during the charge to the jury, the trial court committed reversible error by expressing an opinion as to the appellant's guilt in violation of OCGA § 17-8-57. " 'The question of whether [this section] has been violated is not reached unless an objection or motion for mistrial is made.' " *Driggers v. State*, 244 Ga. 160, 162 (259 SE2d 133) (1979); accord *Coney v. State*, 198 Ga. App. 272 (401 SE2d 304) (1991). In the case sub judice, appellant did not reserve objections to the jury charge. As the appellant failed to properly preserve this enumeration of error for appellate review, we will not consider it. See *Sims v. State*, 266 Ga. 417, 418 (467 SE2d 574) (1996).

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 11, 1996.

*Sam B. Sibley, Jr.*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.