## A03A2206. WHITE v. THE STATE.
(596 SE2d 9)

RUFFIN, Presiding Judge.

A jury found Karen Denise White guilty of theft by shoplifting.[1] Pursuant to OCGA § 16-8-14 (b) (1) (C), the trial court sentenced her as a recidivist to seven years imprisonment. White appeals, arguing that the trial court erred in reading the indictment to the jury without redacting improper character evidence, permitting irrelevant testimony, and failing to exercise its discretion in sentencing. For reasons that follow, we reverse and remand for a new trial.

Viewed favorably to the verdict,[2] the evidence shows that, on June 7, 2000, the general manager of an Old Navy clothing store saw White, accompanied by a child, enter the store with a large tote bag that appeared empty. A short while later, the manager again saw White in the store, noticed that the bag "was a little fuller," and began to watch White's movements. The manager testified that White placed a packet of underwear in the bag, walked quickly past the cashiers without paying, and moved toward the exit. As White passed through the exit, however, she looked at the manager, who was following her to the door. At that point, she took the underwear out of her bag and threw it back into the store. A car then pulled into the fire lane in front of the store next door, White and the child got in, and the car drove away.

The manager reported the incident to the police, providing a description of the car and the license tag number. A short time later, officers spotted and stopped the car, which was occupied by White and driven by Heather Owens. Inside the car, officers located an Old

---

[16] *Davis v. State*, 232 Ga. App. 450, 452 (2) (a) (501 SE2d 241) (1998).

[1] The State also charged White with forgery in the second degree, but the jury acquitted her of that offense.

[2] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

Navy bag containing clothes with Old Navy tags on them, but no receipt. The Old Navy manager later identified White as the person who concealed the underwear in her tote bag.

Owens testified that she and White decided to go shopping on the day of the incident. Owens picked up White and White's granddaughter in her car, and White placed an Old Navy bag filled with clothes in the trunk, explaining that she planned to take the clothes to her son. They then drove to the Old Navy store. Owens did not enter the store with White, but saw her through the window as she waited for White to exit. According to Owens, White took a small package from her granddaughter's hand, turned toward the cashier, tossed the item on the counter, and left the store. Owens did not see White remove anything from her tote bag.

1. White first argues that the trial court erred in failing to redact improper character evidence from the indictment, which was read to the jury. We agree.

The indictment charged that White committed theft by shoplifting by concealing and taking possession of the package of underwear with the intent to appropriate the merchandise. It further alleged that White had been convicted of shoplifting on three prior occasions, and it provided the date, location, and case number for those convictions. At the beginning of the trial, White requested that the trial court redact any reference to the prior convictions before reading the indictment to the jury. Citing our decisions in *Wainwright v. State*[3] and *Favors v. State*,[4] the trial court denied the request and read the indictment to the jurors in its entirety.

Under OCGA § 16-8-14 (b) (1) (C), "[u]pon conviction of a fourth or subsequent offense for shoplifting, . . . the defendant commits a felony and shall be punished by imprisonment for not less than one nor more than ten years." Our decisions in *Wainwright* and *Favors* make clear that recidivism under this provision must be alleged in the indictment.[5] This is so because the nature of the offense changes from a misdemeanor to a felony through repetition, and the indictment must "reflect[ ] the maximum punishment to which the defendant can be sentenced."[6] The recidivist allegation thus provides notice to the defendant that her prior convictions will be used against her at sentencing.[7]

Nothing in those cases, however, requires that the State prove

---

[3] 208 Ga. App. 777 (432 SE2d 555) (1993).

[4] 182 Ga. App. 179 (355 SE2d 109) (1987).

[5] See *Wainwright*, supra at 778-779 (2) (a); *Favors*, supra at 179.

[6] (Punctuation omitted.) *Wainwright*, supra. See also *Darty v. State*, 188 Ga. App. 447 (373 SE2d 389) (1988).

[7] See *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984); *Wainwright*, supra at 779.

the recidivism allegation as an element of the crime. In fact, we noted in *Favors* that, although the State may properly list the convictions supporting recidivist treatment in the indictment, "it is error for the jury to be made aware of the prior convictions during the guilt/innocence phase of the trial where there is no other legal basis for the consideration thereof."[8] And, construing OCGA § 16-8-14 (b) (1) (C), we have found that, "[s]ince recidivism is an issue only in the sentencing phase of a trial ([cit.]), . . . [the] defendant [has] no right to a *jury* determination of this issue."[9]

The State does not contend, and the trial court did not find, that evidence of White's prior convictions was admissible for some proper purpose, such as proof of a similar transaction. Instead, the trial court incorrectly concluded that the State needed to present evidence of White's recidivism to the jury to prove the offense with which she was charged. As established in *Favors*, therefore, the trial court erred in reading the indictment to the jury without redacting the references to White's recidivism and prior convictions.[10] Furthermore, we cannot find the error harmless in this case. The State presented only one eyewitness, and his version of events differed in several respects from Owens' version. The State's evidence was not overwhelming, and the jury may have been unduly influenced by White's prior criminal record. Accordingly, we must reverse and remand for a new trial.[11]

2. White also contends that the trial court erred in allowing officers to testify about the bag of Old Navy clothes found in Owens' car when the police arrested her. She argues that such testimony introduced irrelevant matters into the trial and improperly allowed the jury to conclude that she had stolen the items in the bag. Because this issue may arise during the retrial, we will address it here.

On appeal, the State argues that the trial court properly admitted testimony regarding this bag of clothing as part of the res gestae. Under Georgia law,

> surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the princi-

---

[8] *Favors*, supra.

[9] *Gary v. State*, 186 Ga. App. 231 (366 SE2d 833) (1988). Cf. *Favors*, supra at 180-181 (2) (to find a defendant guilty of possession of a firearm by a convicted felon under OCGA § 16-11-131, the jury must find beyond a reasonable doubt that the defendant has been previously convicted of a felony).

[10] See *Holiday v. State*, 258 Ga. 393, 397-398 (11) (a) (369 SE2d 241) (1988); *Favors*, supra at 179.

[11] See *Head v. State*, 253 Ga. 429, 431 (2) (322 SE2d 228) (1984). Cf. *Holiday*, supra (given evidence presented, trial court's error in reading recidivist count of indictment to jury was harmless).

pal fact. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense and does not tend to establish the main offense.[12]

Applying this rule, we have often found the "[c]ircumstances surrounding an arrest . . . admissible as part of the res gestae, because the arrest was contemporaneous[ly] or closely related in time to the offense and bore a logical relation to the offense."[13] We have also noted, however, that if those circumstances are not part of the res gestae and are neither material nor relevant to the questions in issue, they are inadmissible.[14]

The evidence shows that police stopped and arrested White shortly after she left the Old Navy store. They located White — and discovered the Old Navy bag — in the vehicle described by the manager as the getaway car. Under these circumstances, although another trial judge might have excluded the evidence relating to this bag, we cannot find that the trial court abused its discretion in admitting this evidence as part of the res gestae.[15]

3. Finally, White challenges her sentence for theft by shoplifting. Because we reversed White's shoplifting conviction in Division 1, this claim of error is now moot.

*Judgment reversed and case remanded for a new trial. Smith, C. J., and Miller, J., concur.*

ON MOTION FOR RECONSIDERATION.

The State has asked us to reconsider our opinion in this case. To support its request, the State submitted a one-sentence motion stating, in its entirety: "Comes Now the State of Georgia, by and through

---

[12] (Punctuation omitted.) *Tran v. State*, 246 Ga. App. 153, 157 (3) (539 SE2d 862) (2000).

[13] (Punctuation omitted.) *Shelton v. State*, 252 Ga. App. 444, 448 (3) (556 SE2d 540) (2001).

[14] See id.; see also *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000) ("[T]he admission of evidence which shows the commission of another crime may not automatically be admitted solely on the basis that the evidence was incident to an accused's arrest where the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant.").

[15] See *Brown v. State*, 258 Ga. App. 78, 81 (3) (573 SE2d 110) (2002) ("A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous."); *Tran*, supra (suspected marijuana found at time of defendant's arrest in car belonging to defendant's traveling companion admissible as part of the res gestae). Cf. *Jones v. State*, 256 Ga. App. 470, 471, 472 (1) (568 SE2d 807) (2002) (comments made by defendant after police arrested him, completed paperwork relating to his arrest at police station, and transported him to county jail were "not part of the res gestae or the circumstances leading up to his arrest").

the District Attorney of the Griffin Judicial Circuit, and respectfully requests this Court to reconsider its ruling of December 10, 2003 and reverse its decision." The State did not file an accompanying brief or any other pleading explaining its grounds for requesting reconsideration.

Under Court of Appeals Rule 37 (e), reconsideration will be granted "only when it appears that the Court overlooked a material fact in the record, a statute or a decision which is controlling as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority." The State has offered us no reason why we should reconsider our opinion and has not even attempted to support its motion with argument. We are deeply troubled by the State's decision to file a motion that is completely lacking in citation of authority, record references, and/or argument. Such conduct displays a lack of respect for this Court and its procedures.

Our review of the opinion reveals no basis for reconsideration. Accordingly, the State's motion for reconsideration is hereby denied.

*Motion for reconsideration denied.*

DECIDED DECEMBER 10, 2003 —
RECONSIDERATION DENIED JANUARY 27, 2004.

*Dell Jackson*, for appellant.

*William T. McBroom III, District Attorney, Tommy J. Ison, Jr., Jamie K. Inagawa, Assistant District Attorneys*, for appellee.