**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 9, 2019**

# In the Court of Appeals of Georgia

A18A1627. MARTIN v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Ricky Martin was convicted of second-degree burglary (OCGA § 16-7-1 (c)), aggravated assault (OCGA § 16-5-21), criminal attempt to commit a felony (OCGA § 16-4-1), and possession of a firearm during the commission of a felony (OCGA § 16-11-106). He appeals the trial court's denial of his motion for new trial.

Martin challenges the sufficiency of the evidence as to aggravated assault and possession of a firearm, but the evidence authorized the jury to find him guilty of both offenses. Martin argues that the trial court erred in failing to charge the jury on the lesser-included offense of pointing a firearm (OCGA § 16-11-102), but because he did not request the charge in writing the trial court's ruling was not error. Martin

argues that the trial court erred in sentencing him to more than the maximum permissible sentence on the burglary conviction, but the sentence imposed was proper.

Martin also argues that, to the extent his trial counsel failed to preserve any of these claims of error for appeal, he received ineffective assistance of counsel. Although Martin asserted this claim in his motion for new trial, the trial court did not address the merits of the claim, instead treating it as moot. This treatment was error, because Martin's trial counsel did not preserve the challenge to the trial court's failure to give a jury charge on the lesser-included offense.

So we vacate that portion of the trial court's order on the motion for new trial that addresses Martin's claim for ineffective assistance of counsel, and we remand the case for the trial court to consider the merits of that claim. We affirm the remaining portions of the trial court's order.

1. *Sufficiency of the evidence.*

In considering the sufficiency of the evidence supporting a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307,

319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

So viewed, the record shows that on the morning of October 4, 2012, Brian Conner saw Martin attempting to enter Conner's parked truck. Conner confronted Martin, who began to walk away. When he was at a distance from Conner, Martin pulled a handgun from his jacket and began waving it around, screaming and cursing at Conner, as he continued to walk away. Conner called 911 and described Martin, who was spotted and stopped by a responding police officer about five minutes later. When he was stopped, Martin was in possession of an empty gun holster, ammunition, various food items, a specialty clock in a box, and a pair of pants with a label bearing another person's name. The officer found a handgun on the ground nearby.

Also that morning, it was discovered that a nearby alterations shop had been broken into. The shop was located across the street from the location where Martin waved the gun at Conner. The alterations shop owner identified the food, clock, and pants in Martin's possession as having been taken from her shop. She had not given Martin permission to enter the shop or to take those items.

(a) *Aggravated assault.*

Martin argues that this evidence was insufficient to support his conviction for aggravated assault. We disagree.

Pertinently, "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon," OCGA § 16-5-21 (a) (2), and "[a] person commits the offense of simple assault when he or she . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). Martin contends that the state did not show that Conner was in reasonable apprehension of immediately receiving a violent injury because Conner testified otherwise at trial. But Conner's testimony on that point was ambiguous. When asked at trial whether he "had any apprehension about what could happen" after Martin pulled out the gun, Conner responded "[n]ot necessarily to myself." He also testified that he was not scared during the encounter because Martin was walking

4

away from him. Instead, Conner explained that he was concerned for other people whom Martin might encounter as he walked away from the scene. But elsewhere in his testimony, Conner stated that he felt "panic[ked and] scared" when he saw the gun. The jury was authorized to credit Conner's statement that he felt "panic[ked and] scared" and infer from that statement that Conner had the necessary reasonable apprehension to support a guilty verdict on the aggravated assault charge, even though other statements of Conner suggested that he did not have the necessary apprehension. See *Flores v. State*, 277 Ga. 780, 782 (2) (596 SE2d 114) (2004) (victim's testimony that he told defendant he was scared and did not like guns was evidence that victim was in reasonable apprehension of receiving violent injury when defendant pointed gun at him), overruled on other grounds by *State v. Springer*, 297 Ga. 376, 383 & n. 4 (2) (774 SE2d 106) (2015); *Garza v. State*, 347 Ga. App. 335, 337-338 (1) (b) (819 SE2d 497) (2018) (it is role of jury to decide how to understand witness's ambiguous testimony).

(b) *Possession of a firearm during the commission of a felony.*

Martin argues that the evidence was insufficient to support his conviction for possession of a firearm during the commission of a felony. We disagree.

5

The state charged Martin with committing this offense by possessing the handgun during the burglary of the alterations shop, See OCGA § 16-11-106 (b) (2) (offense is committed, among other ways, when person has "on or within arm's reach of his . . . person a firearm . . . during the commission of . . . [t]he unlawful entry into a building"). Martin argues that, because there were no eyewitnesses to the burglary of the alterations shop, there was no evidence that he possessed the gun when he entered the shop. But the evidence at trial showed that Conner saw Martin with the gun near the shop shortly before the police officer found Martin in possession of items taken from the shop. This evidence, while circumstantial, authorized the jury to find that Martin was in possession of the gun when he unlawfully took the items from the shop. See *Carter v. State*, 319 Ga. App. 609, 612 (2) (a) (737 SE2d 714) (2013) (circumstantial evidence was sufficient to support conviction for possession of firearm during commission of drug crime, where gun was in laundry hamper and marijuana that defendant had handled was in box on nearby shelf); *In the Interest of J. D.*, 305 Ga. App. 519, 521 (1) (699 SE2d 827) (2010) (circumstantial evidence was sufficient to support juvenile delinquency adjudication for possession of firearm during commission of burglary, where juvenile was in vicinity of burgled apartment shortly thereafter, wearing jacket and shoes tying him to burglary and carrying a

6

loaded pistol). See generally *Brown v. State*, 304 Ga. 435, 437-438 (1) (819 SE2d 14) (2018) (discussing role of circumstantial evidence in appellate review of challenge to sufficiency of evidence in criminal case).

2. *Jury charge.*

Martin argues that the trial court erred in denying his oral request to charge the jury on pointing a firearm as a lesser-included offense to aggravated assault, but he did not request the charge on the lesser-included offense in writing. "A trial judge never errs in failing to instruct the jury on a lesser[-]included offense where there is no written request to so charge. An oral request to charge does not alter this mandate." *McMurtry v. State*, 338 Ga. App. 622, 625 (3) (791 SE2d 196) (2016) (citations and punctuation omitted). See generally *State v. Stonaker*, 236 Ga. 1, 2-3 (222 SE2d 354) (1976) (setting forth rules concerning "what must be charged and what may be charged and what need not be charged in the area of lesser[-]included crimes in criminal trials," including the rule that a "trial judge . . . may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation[, but] his failure to do so, without a written request by the state or the accused, is not error"). Because there was no written request for the lesser-included charge, "we find no reversible error in the trial court's failure to

7

charge the jury on [pointing a firearm]." *Elrod v. State*, 316 Ga. App. 491, 494 (2) (729 SE2d 593) (2012) (citation omitted).

3. *Sentence.*

Martin argues that the trial court erred in sentencing him to an eight-year sentence on the burglary offense because the maximum permissible sentence for the offense is five years. But he is incorrect that five years is the maximum permissible sentence for his second-degree burglary conviction. Although the law sets a maximum five-year sentence for a defendant's first conviction of second-degree burglary, "[u]pon the second and all subsequent convictions for burglary in the second degree, the defendant . . . shall be punished by imprisonment for not less than one nor more than eight years." OCGA § 16-7-1 (c). At sentencing, the state tendered certified copies of prior burglary convictions, and the trial court sentenced Martin as a recidivist.

Citing *Black v. Caldwell*, 231 Ga. 589 (203 SE2d 208) (1974), Martin argues that the trial court was not permitted to sentence him as a recidivist because the prior convictions were not alleged in his charging document. In *Black*, our Supreme Court held that a person could not receive recidivist punishment unless his prior convictions were "considered by the [g]rand [j]ury and . . . included in the indictment." Id. at 592-

8

593. But the rule set forth in *Black* is no longer the law. That decision "arose during the short life of a two-step felony sentencing procedure . . . wherein the jury first determined guilt, and then heard matters in aggravation or mitigation, prior to imposing sentence." *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984) (discussing *Black* sub. nom *Riggins v. Stynchombe*). However, "[s]ince 1974 when Georgia adopted judge sentencing, OCGA § 17-10-2, it is *not* required that the prior convictions be included in the indictment but only that the accused receive notice of the state's intention to seek recidivist punishment and of the identity of the prior convictions." *Wainwright v. State*, 208 Ga. App. 777, 778 (2) (a) (432 SE2d 555) (1993) (citation and punctuation omitted; emphasis supplied). See also *Hendrixson*, supra at 853-855; *Mitchell v. State*, 202 Ga. App. 100, 100-101 (1) (413 SE2d 517) (1991). Our decision in *Wainwright* does discuss the need to include prior convictions in an indictment when they change the nature of the offense from a misdemeanor to a felony. *Wainwright*, 208 Ga. App. at 778 (2) (a); see also *White v. State*, 265 Ga. App. 302, 303 (1) (596 SE2d 9) (2003). But that circumstance does not exist here; second-degree burglary is a felony whether it is a first-time offense or a repeated offense. See OCGA § 16-7-1 (c).

The record shows that the state gave Martin notice that it intended to use his prior burglary convictions to sentence him as a recidivist, and Martin's eight-year sentence was within the range of permissible recidivist sentences for second-degree burglary. OCGA § 16-7-1 (c). So the trial court did not err in sentencing Martin.

4. *Ineffective assistance of counsel.*

Although Martin contends that his trial counsel properly preserved his claims of error, he argues in the alternative that if the claims were not properly preserved then his trial counsel's failure to preserve them constituted ineffective assistance of counsel. Martin made this claim in his motion for new trial, but the trial court did not address its merits. Instead, after the state conceded in its response to Martin's motion that Martin had preserved his claims of error, the trial court stated that Martin's ineffective-assistance argument was "nullified."

But Martin's ineffective-assistance claim was not moot. As discussed above in Division 2, his trial counsel failed to request in writing a jury charge on the lesser-included offense. Our Supreme Court has held that a written request for a charge on a lesser-included offense is required "to preserve the issue on appeal." *Howe v. State*, 250 Ga. 811, 814 (2) (301 SE2d 280) (1983). So the failure of Martin's trial counsel to make such a written request was a failure to preserve the issue for appeal. To the

10

extent the state has conceded otherwise, we are not bound by that concession. See

*Tiller v. State*, 314 Ga. App. 472, 474 (3) n. 2 (724 SE2d 397) (2012); *Collins v. State*, 266 Ga. App. 871, 874 (601 SE2d 111) (2004). But it is the role of the trial court, not this court, to assess Martin's claim of ineffective assistance in the first instance. We therefore vacate that portion of the order on the motion for new trial that addresses the ineffective-assistance claim and remand the case for the trial court to rule on the merits of that claim.

*Judgment affirmed in part and vacated in part, and case remanded. Rickman and Markle, JJ., concur.*