**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 3, 2021**

# In the Court of Appeals of Georgia

A20A2008. MARTIN v. THE STATE.

PHIPPS, Senior Appellate Judge.

This case comes to us for the second time on appeal. Following a jury trial, Ricky Martin was found guilty of burglary in the second degree, aggravated assault, criminal attempt to commit a felony, and possession of a firearm during the commission of a felony. Martin was sentenced as a recidivist to 8 years for the burglary count, 20 years for the aggravated assault count, 2 years and 6 months for the criminal attempt to commit a felony count, and 5 years (to be served consecutively) for the possession of a firearm during the commission of a felony count. Martin subsequently moved for a new trial, arguing among other things that the evidence was insufficient to support his convictions for aggravated assault and possession of a firearm during the commission of a felony and arguing that he

received ineffective assistance of counsel at trial. The trial court denied Martin's motion for new trial and Martin appealed. This Court affirmed Martin's convictions, but vacated the portion of the trial court's order that addressed Martin's claim of ineffective assistance and remanded the case for the trial court to rule on the merits of that claim. *Martin v. State*, 349 Ga. App. 656, 661 (4) (825 SE2d 227) (2019).

On remand, the trial court held an evidentiary hearing on Martin's claim for ineffective assistance of counsel. On March 23, 2020, following the hearing, the trial court granted Martin's motion for new trial as to Count 2 (the aggravated assault charge), finding that Martin's trial counsel provided ineffective assistance by failing to preserve for appeal his objection to the trial court's denial of his requested jury charge. The trial court vacated Count 2 of Martin's Final Disposition Order and placed the charge back on the trial calendar, but noted that "[t]he remaining portions of that Final Disposition Order remain in full force and effect." The State subsequently filed a motion to nolle prosequi the aggravated assault charge in the interest of judicial economy, which the trial court granted on June 10, 2020. The trial court did not, however, enter a new written sentence.

On the same day the trial court entered the order of nolle prosequi, Martin filed a notice of appeal from the March 23, 2020 order granting his motion for new trial

2

as to Count 2. He argues on appeal that he should have received a complete re-sentencing after the trial court vacated his sentence for aggravated assault because, according to Martin, his sentencing package was predicated upon his now vacated conviction for aggravated assault. Pretermitting the validity of Martin's argument, we lack jurisdiction over this premature appeal.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." The current record on appeal, however, contains no indication that the trial court has entered a new sentence reflecting the nolle prosequi of the vacated aggravated assault count. To the contrary, the operative final disposition in this case includes sentences for all the counts, including aggravated assault. Absent a final disposition indicating the nolle prosequi of the vacated count and a sentence that reflects that nolle prosequi, this case remains pending in the trial court. See *Thelusma v. State*, 356 Ga. App. 495, 495 (847 SE2d 852) (2020) (appeal dismissed as interlocutory because no new sentencing order had been entered after the court granted a motion for new trial on certain counts and entered an order of nolle prosequi as to those counts).

Consequently, we lack jurisdiction over this premature appeal, which is hereby DISMISSED.

*Appeal dismissed. Miller, P. J., and Mercier, J., concur*.