## S95A1298 LAMBERSON v. THE STATE.
### (462 SE2d 706)

HINES, Justice.

Lamberson was arrested July 31, 1994, and charged with felony theft by taking and financial transaction card fraud. Acting pursuant to OCGA § 17-7-70.1, the Cobb County District Attorney instituted criminal prosecution against Lamberson by felony accusation, rather than seeking an indictment by the grand jury. Lamberson filed what she styled a "Motion for Writ of Habeas Corpus" asserting that this statute violates both the Fifth and Fourteenth Amendments to the United States Constitution. We disagree and affirm the trial court's decision denying her "Motion."

1. OCGA § 17-7-70.1 authorizes the district attorney to proceed to trial upon accusation for certain enumerated felonies without obtaining a waiver of indictment.[1] Lamberson maintains that the substi-

---

[1] OCGA § 17-7-70.1 became effective July 1, 1992. Prior to its enactment, the State was required to obtain a waiver of indictment before proceeding against a defendant, for any

tution of an accusation for grand jury indictment deprived her of "due process of law" pursuant to the Fourteenth Amendment, by violating the Fifth Amendment guarantee that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury."

Specific provisions of the Bill of Rights, including clauses within the Fifth Amendment, have been made applicable to actions by the individual states through "selective incorporation" into the Due Process Clause of the Fourteenth Amendment. See *Malloy v. Hogan*, 378 U. S. 1 (84 SC 1489, 12 LE2d 653) (1964) (holding the Fifth Amendment's privilege against self-incrimination applicable to the states); *Benton v. Maryland*, 395 U. S. 784 (89 SC 2056, 23 LE2d 707) (1969) (holding the Double Jeopardy Clause of the Fifth Amendment applicable to the states). See generally Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure, § 15.6 (2d ed. 1992). However, the United States Supreme Court has determined that the Fifth Amendment clause requiring all prosecutions for infamous crimes be instituted by grand jury indictment is not made applicable to the states by the Fourteenth Amendment's Due Process Clause provided substantial procedural safeguards are afforded a defendant. *Hurtado v. California*, 110 U. S. 516 (4 SC 111, 28 LE 232) (1884). In *Hurtado*, a capital murder case, the Supreme Court found that a California statute which permitted the instigation of criminal prosecution without indictment did not offend the requirements of due process where the accused was ensured certain procedural safeguards.

> [W]e are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information, after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of the witnesses produced for the prosecution, is not due process of law.

*Hurtado*, supra at 538.

Title 17 of the Official Code of Georgia Annotated affords defendants procedural safeguards similar to those recognized in *Hurtado*, supra. A defendant may request a commitment hearing before a judge or magistrate, OCGA § 17-7-20, to "determine whether there is sufficient reason to suspect the guilt of the accused. . . ." OCGA § 17-7-23. A defendant has the right to counsel, and to seek bail. OCGA § 17-7-24. A defendant may testify on his or her own behalf, and may cross-examine witnesses. OCGA § 17-7-28. Moreover,

felony offense, by accusation.

the filing of an accusation "is merely a preliminary proceeding, and can result in no final judgment, except as the consequence of a regular judicial trial, conducted precisely as in cases of indictments." *Hurtado,* supra at 538.

Additionally, OCGA § 17-7-70.1 contains restrictive provisions: The accusation must be supported by affidavit where the defendant has not been previously arrested in conjunction with the offense charged. OCGA § 17-7-70.1 (a). The district attorney may not proceed by accusation where the grand jury has heard evidence or conducted an investigation and returned a "no bill." OCGA § 17-7-70.1 (d). Furthermore, a defendant who is formally accused "shall be tried . . . according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury. All laws relating to rights and responsibilities attendant to indicted cases shall be applicable to cases brought by accusations. . . ." OCGA § 17-7-70.1 (a).

Accordingly, the substitution of accusation for indictment for the specific felonies enumerated in OCGA § 17-7-70.1 does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Statutory procedures safeguard against criminal prosecution without probable cause, and further protect all defendants equally, whether indicted or formally accused.

2. Lamberson also contends that OCGA § 17-7-70.1 violates Art. I, Sec. I, Pars. I and XXVIII of the Georgia Constitution. A transcript of the November 29, 1994, habeas corpus hearing reveals that the state constitutional claim was not raised below; therefore, it is not preserved for appeal. *Meders v. State,* 260 Ga. 49 (389 SE2d 320) (1990).

3. Lamberson's final contention, that OCGA § 17-7-70.1 seeks to make accusations the functional equivalent of warrants, need not be considered because this issue was not raised in the habeas court. See *Meders,* supra. However, in light of our determination in Division 1, we find this contention to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Pelphrey & Pelphrey, Gary R. Pelphrey,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Frank R. Cox, Assistant District Attorneys,* for appellee.