## A96A2132. HOOD v. THE STATE.
(479 SE2d 400)

Judge Harold R. Banke.

Seconda Diane Hood was charged via accusation with felony theft by shoplifting and the misdemeanor offenses of giving a false name and false date of birth. The accusation also included a recidivism count based upon Hood's prior burglary conviction. After the jury returned a guilty verdict, the trial court sentenced Hood as a recidivist to ten years imprisonment on the shoplifting count. She received concurrent 12-month sentences on the misdemeanor counts. *Held*:

We reject Hood's contention that the State's use of an accusation rather than a grand jury indictment precluded the trial court from sentencing her as a felon. In enacting OCGA § 17-7-70.1, the legislature authorized the use of accusations rather than grand jury indictments for certain enumerated felonies, including OCGA § 16-8-14, the theft by shoplifting statute. *Lamberson v. State*, 265 Ga. 764 (1) (462 SE2d 706) (1995) (finding OCGA § 17-7-70.1 not violative of the Fifth and Fourteenth Amendments). On these offenses, the State may proceed to trial upon accusation without obtaining a waiver of indictment. Id. Individuals accused under § 17-7-70.1 must be tried "according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury." OCGA § 17-7-70.1 (a). Accordingly, the trial court was not required to sentence Hood as a misdemeanant simply because the State utilized an accusation rather than an indictment.

Further, notwithstanding Hood's argument to the contrary, the fact that a grand jury did not consider her prior conviction did not prevent the trial court from sentencing her as a recidivist. The necessity for grand juries to consider a defendant's prior convictions in imposing recidivist sentences ceased in 1974 when the legislature removed the responsibilities of sentencing from the juries' purview and adopted court-imposed sentencing. *Wainwright v. State*, 208 Ga. App. 777, 778 (2) (a) (432 SE2d 555) (1993). The case on which Hood relies, *Aldridge v. State*, 158 Ga. App. 719, 721 (4) (282 SE2d 189) (1981), applied the earlier law to require grand jury consideration of prior convictions. Id. (relying on *Riggins v. Stynchcombe*, 231 Ga. 589, 592-593 (203 SE2d 208) (1974); see *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985)).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 15, 1996 — ▇▇▇▇▇▇▇

*Paul R. Cadle, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney*, for appellee.