## A98A0237. THE STATE v. GILSTRAP.
(495 SE2d 885)

JOHNSON, Judge.

Guy Gilstrap was arrested and cited for several traffic offenses.

---

He posted bond and was released from custody three days later.[1] The District Attorney prepared and filed an accusation charging Gilstrap with driving after having been declared an habitual violator, a felony; failing to maintain lane, a misdemeanor; and misdemeanor DUI.

Prior to trial, defense counsel filed a written demurrer and motion in limine objecting to the prosecution of the felony habitual violator charge because Gilstrap had not expressly waived his right to a preliminary (commitment) hearing and/or his right to indictment by a grand jury. At a pretrial hearing, the state declined the trial court's suggestion that it nol pros the felony habitual violator charge without prejudice. The trial court then dismissed the charge, and the state appeals. See OCGA § 5-7-1 (a) (1).

Citing *Gerstein v. Pugh*, 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975), our Supreme Court noted that the " 'Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.' . . . Thus it appears that an arrestee out on appearance bond is not entitled to a commitment hearing under the Fourth Amendment." *Watts v. Pitts*, 253 Ga. 501, 503 (322 SE2d 252) (1984). Noting that the remedy for failing to hold a probable cause hearing within the statutory period is a release from custody, and not a dismissal of the charges, the court concluded that "a person who is arrested and released within the time prescribed by law on an appearance bond is not entitled to a commitment hearing." Id. at 504. See *State v. Ruff*, 176 Ga. App. 303 (335 SE2d 687) (1985). Gilstrap's posting of bond constituted a waiver of his right to a preliminary hearing.

Additionally, Gilstrap is not entitled to grand jury indictment on the habitual violator charge. OCGA § 17-7-70.1 specifically designates OCGA § 40-5-58, the habitual violator statute, as one of a class of felonies which may be tried on an accusation preferred by a district attorney rather than on an indictment returned by a grand jury. The constitutionality of this procedure has withstood challenge. See *Lamberson v. State*, 265 Ga. 764 (462 SE2d 706) (1995). "In enacting OCGA § 17-7-70.1, the legislature authorized the use of accusations rather than grand jury indictments for certain enumerated felonies, [including OCGA § 40-5-58]. On these offenses, the State may proceed to trial upon accusation without obtaining a waiver of indictment." (Citations omitted.) *Hood v. State*, 223 Ga. App. 573 (479 SE2d 400) (1996).

Because Gilstrap waived his right to a preliminary hearing and

---

[1] Gilstrap was subsequently arrested for failing to appear for a scheduled court appearance in connection with these charges and was allowed to post another bond. These events are not relevant to the issues presented in this appeal.

was not entitled to indictment by a grand jury on the offense of habitual violator, the trial court erred in dismissing that charge.

Gilstrap filed a motion to dismiss the state's appeal, and for sanctions, alleging the state's brief and enumerations of error were untimely filed. This appeal was docketed on September 16, 1997. On October 2, 1997, 20 days after docketing, a motion for an extension of time to file was granted, giving the state an additional 14 days to file its brief and enumerations of error. On October 16, 1997, the state filed its brief and enumerations of error. Accordingly, Gilstrap's motion to dismiss and for sanctions is denied.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 21, 1998.

*Albert F. Taylor, Jr., District Attorney,* for appellant.
*Lea L. London,* for appellee.