## A98A2335. LYNN v. THE STATE.
(512 SE2d 695)

JOHNSON, Chief Judge.

On February 3, 1998, Vicky Zelenne Lynn was charged by accusation with one count each of criminal trespass, shoplifting, and being a habitual felon. Lynn was released on bond after her arrest. She entered a plea of not guilty on all charges. The state filed notice of intent to introduce prior convictions for sentencing purposes. Lynn then changed her plea to guilty of shoplifting but continued to plead not guilty as to the remaining charges. The trial court accepted her amended guilty plea and allowed her to litigate whether the shoplifting offense was a felony or a misdemeanor, which involved the question of her previous shoplifting convictions.

In a bench trial, Lynn was convicted of the shoplifting and habitual felon charges; the court granted a motion to nolle prosequi the criminal trespass charge.

At the sentencing hearing, the state introduced evidence of three prior shoplifting convictions. The trial court sentenced Lynn to confinement for ten years with service of the last five years on probation, a $1,000 fine, and 200 hours of community service. She also was ordered to pay a $20 per month probation fee, $100 to the county jail fund, and $50 each to the victim assistance program and the police officers and prosecutors training fund.

Lynn filed a motion to modify or correct sentence. The trial court denied the motion. Lynn appeals.

1. Lynn contends that this case should be remanded for imposition of misdemeanor punishment because the state proceeded to trial by accusation rather than by indictment. We disagree.

In the case of *Hood v. State*, 223 Ga. App. 573 (479 SE2d 400) (1996), this Court rejected a claim that the state's use of an accusation rather than a grand jury indictment precluded the trial court from sentencing the defendant as a felon. We held that "[i]n enacting OCGA § 17-7-70.1, the legislature authorized the use of accusations rather than grand jury indictments for certain enumerated felonies, including OCGA § 16-8-14, the theft by shoplifting statute. [Cit.]" Id. The state may proceed to trial upon accusation without obtaining a waiver of indictment. Id.; see *Lamberson v. State*, 265 Ga. 764 (1) (462 SE2d 706) (1995). The filing of an accusation is merely a preliminary proceeding and cannot result in a final judgment, except as a consequence of a regular judicial trial that is conducted precisely as

in cases where the defendant was indicted. See id. at 766. The trial court was not required to sentence Lynn as a misdemeanant simply because the state utilized an accusation rather than an indictment. See *Hood*, supra.

On the date the accusation was filed, OCGA § 17-7-70.1 (a) provided, inter alia, that in felony cases involving theft by shoplifting, in which defendants either have been bound over to the superior court or have expressly waived a commitment hearing, the district attorney shall have authority to prefer accusations, and the defendant shall be tried on such accusations according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury.

On December 11, 1997, Lynn posted bond on the shoplifting and criminal trespass counts. In *State v. Gilstrap*, 230 Ga. App. 281, 282 (495 SE2d 885) (1998), this Court held that Gilstrap waived his right to a preliminary hearing by posting bond and, pursuant to OCGA § 17-7-70.1, was not entitled to indictment by a grand jury on the offense of habitual violator. We find that *Gilstrap*, which involved an interpretation of OCGA § 17-7-70.1 prior to its amendment effective March 27, 1998, is persuasive. The state could have proceeded to trial on the accusation because Lynn had posted bond. Id. at 282-283.

The record also reveals that on March 16, 1998, when Lynn entered her original plea of not guilty on all charges, she signed an express waiver of "formal arraignment." During the course of changing her plea to guilty of shoplifting, Lynn waived her right to trial by jury. Her amended plea of guilty to shoplifting ultimately was accepted by the trial court. Lynn also waived any right of indictment when she originally entered a plea of not guilty to all counts, without first having filed a written objection to proceeding under the accusation. *Crowder v. State*, 218 Ga. App. 630, 631 (1) (462 SE2d 754) (1995). Lynn's subsequent amendment of her shoplifting plea from not guilty to guilty and her contemporaneous waiver of her right to trial by jury did not negate her prior waiver of any right of indictment. Lynn contends that *Wainwright v. State*, 208 Ga. App. 777, 778 (2) (432 SE2d 555) (1993), and *Darty v. State*, 188 Ga. App. 447, 448 (373 SE2d 389) (1988), require grand jury presentment because recidivism must be alleged by way of indictment. Lynn's reliance on *Wainwright* and *Darty* to support this contention is misplaced. In *Wainwright*, supra, and *Darty*, supra, the defendants had been brought to trial by indictment, and the opinions must be analyzed in that light. Neither *Wainwright* nor *Darty* expressly holds that recidivism can be alleged *only* in an indictment, and we decline to create such a rule.

2. Lynn contends the trial court erred in imposing felony punishment for her shoplifting conviction because she had only two, rather

than three, prior shoplifting convictions that could be considered to enhance punishment under OCGA § 16-8-14 (b) (1) (C). She argues that in addition to prior misdemeanor shoplifting convictions, only those prior felony shoplifting convictions occurring *after* April 29, 1997, the effective date of the 1997 amendments to OCGA § 16-8-14 (b) (1), would support an increase of her punishment. For the following reasons, we find her contention to be without merit.

The current shoplifting offense was committed on December 11, 1997. Prior to the commission of this offense, Lynn had been convicted, inter alia, of committing: (1) a misdemeanor shoplifting offense on April 13, 1997; (2) felony and misdemeanor shoplifting offenses in January 1997 and June 1997, respectively; and (3) a felony shoplifting offense in May 1991 (first offender sentence).

Before OCGA § 16-8-14 (b) (1) was amended in 1997, only prior *misdemeanor* shoplifting convictions could be considered in seeking felony for a fourth shoplifting conviction. See generally *Fuller v. State*, 230 Ga. App. 219, 221 (3) (496 SE2d 303) (1998). The 1997 statutory amendment to OCGA § 16-8-14 (b) (1) (C), provided that, "[u]pon conviction of a fourth or subsequent offense for shoplifting, where the prior [shoplifting] convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors . . ., *the defendant commits a felony* and shall be punished by imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld." (Emphasis supplied.)

Lynn argues that the 1997 amendment must be construed as prospective in application. She also argues that OCGA § 16-8-14 (b) (1) (C) is ambiguous as to whether a felony shoplifting conviction, occurring prior to April 29, 1997, can be considered in determining whether a defendant has committed felony shoplifting, and that this ambiguity must be resolved in her favor. Lynn has failed to assert any constitutional provision which, under the facts of this case, requires this Court to apply OCGA § 16-8-14 (b) (1) (C) prospectively, and we are aware of none. See *Johnson v. State*, 229 Ga. App. 400 (493 SE2d 926) (1997). Thus, the remaining question is whether OCGA § 16-8-14 (b) (1) (C) contains an ambiguity that must be resolved in Lynn's favor. We conclude it does not.

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). The most important principle of statutory construction is to discern the intent of the rule. See *In the Matter of Dale A. Allison, Jr.*, 267 Ga. 638, 642 (2) (481 SE2d 211) (1997). The General Assembly amended OCGA § 16-8-14 (b) (1) (C) so that the fourth or subsequent conviction for shoplifting shall be a felony. See Ga. L. 1997, p. 1394. This

amendment was enacted to remedy a deficiency in the prior statute whereby the courts could consider only prior misdemeanor shoplifting convictions under OCGA § 16-8-14 (b) (1). With these purposes in mind, we have no difficulty in concluding that the General Assembly intended that as to convictions of shoplifting occurring after the effective date of the 1997 amendment, *any* prior shoplifting conviction shall be considered in determining if the defendant has committed felony shoplifting. Moreover, if the legislature had intended to limit the consideration of prior felony convictions to those occurring after April 29, 1997, it could have done so. See, e.g., *Hall v. Regal Ins. Co.*, 202 Ga. App. 511, 514 (2) (414 SE2d 669) (1992).

3. Lynn claims that the trial court erred in sentencing her as a repeat offender under OCGA § 17-10-7 when the same felony shoplifting conviction was used to impose felony punishment under OCGA § 16-8-14 (b) (1) (C). Because her prior shoplifting convictions rendered the instant shoplifting charge a felony, rather than served merely as a vehicle for sentence enhancement, we disagree.

During the sentencing hearing, the state introduced evidence of Lynn's three prior convictions for shoplifting. Prior to trial, the state served Lynn with notice of intent that it would present evidence of each of these three prior convictions for purposes of sentencing under OCGA §§ 16-8-14 (b) (1) (C) and 17-10-7; these three convictions were identified by their case number. One of the prior shoplifting convictions so identified was also alleged in the indictment as the sole felony conviction supporting the habitual felon charge. The shoplifting count in the information merely alleged that Lynn had three prior theft by shoplifting convictions. Lynn was convicted of both felony shoplifting under OCGA § 16-8-14 (b) (1) (C) and habitual felon under OCGA § 17-10-7.

Lynn contends that her prior shoplifting convictions were improperly considered by the trial court to enhance her punishment. The record does not support her contention. Because she had three prior shoplifting offenses, Lynn's fourth shoplifting offense was a felony by statutory definition. The maximum permissible punishment for felony shoplifting, under OCGA § 16-8-14 (b) (1) (C), is imprisonment for not less than one nor more than ten years; and the first year of such sentence shall not be suspended, probated, deferred, or withheld. Lynn was sentenced, inter alia, to imprisonment for ten years with the last five years probated. The punishment Lynn received was within the range of permissible maximum punishment authorized for felony shoplifting. Thus, Lynn's exposure to more severe punishment resulted from the felony status of her shoplifting offense, not from the introduction of her prior convictions for sentence enhancement purposes.

Lynn's reliance on *King v. State*, 169 Ga. App. 444 (313 SE2d

144) (1984), and *State v. Freeman*, 198 Ga. App. 553 (402 SE2d 529) (1991), is misplaced. These cases do not address the situation at issue in this case and do not discuss the legal effect of OCGA § 16-8-14 (b) (1) (C).

"'[T]here is a presumption that [a] sentence was correctly imposed, and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety.'" *Williams v. State*, 221 Ga. App. 291, 294 (2) (470 SE2d 922) (1996). Lynn has failed to carry her burden, and we find that her contention is without merit.

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED FEBRUARY 22, 1999 —

*Michael R. McCarthy*, for appellant.

*Kermit N. McManus, District Attorney, Susan L. Franklin, Assistant District Attorney*, for appellee.