A99A1371. McNAIR v. THE STATE.
(523 SE2d 392)

MILLER, Judge.

A jury found Ollie McNair guilty of possession of cocaine with intent to distribute, tampering with evidence, and obstruction of an officer. McNair appeals, raising four enumerations of error. We affirm.

1. Pursuant to OCGA § 17-7-70.1, the Dougherty County district attorney prosecuted McNair by felony accusation rather than by indictment. Citing OCGA § 17-7-70, McNair claims error in that he did not waive or consent to allow his case to be tried by accusation.

McNair relies upon the wrong Code section. OCGA § 17-7-70.1 authorizes a district attorney to try a case upon accusation for certain enumerated felonies without a waiver of indictment. *Lamberson v. State*, 265 Ga. 764 (1) (462 SE2d 706) (1995). OCGA § 17-7-70.1 (a.1) specifically states that violations of OCGA § 16-13-30 may be

tried by accusation instead of grand jury indictment whenever the accused has waived the right to a commitment hearing. McNair waived this right when he posted bond following his arrest for these charges. See *State v. Gilstrap*, 230 Ga. App. 281, 282 (495 SE2d 885) (1998). Accordingly, the State was authorized to try McNair by accusation.

2. McNair also contends the trial court erred in admitting evidence of a prior similar transaction. But McNair failed to object to the introduction of the similar transaction evidence at trial, which waived the issue on appeal. *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998); *Stewart v. State*, 239 Ga. App. 543 (1) (521 SE2d 468) (1999). "[T]he rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it." (Footnote omitted.) *McClarity v. State*, 234 Ga. App. 348, 350 (2) (506 SE2d 392) (1998).

Even if McNair had raised an objection, similar transaction evidence is permissible to show motive, intent, and knowledge. *Tate v. State*, 230 Ga. App. 186, 188 (2) (495 SE2d 658) (1998).

> If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct.

*State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980).

The prior transaction was a 1994 conviction for possession of cocaine with intent to distribute arising from the following facts. Detective Williams testified that on March 1, 1994, he observed McNair on the corner of Roosevelt and Carroll. As he approached, he observed McNair throw something to the ground. Detective Williams searched the ground, but McNair was standing on the item. After McNair stepped back, Williams found a plastic bag containing cocaine.

The crime charged here was committed on the exact same street corner, involving multiple pieces of cocaine, in a plastic bag or wrap, where McNair attempted to conceal or destroy the evidence. The evidence supported the trial court's finding that the prior act was sufficiently similar.

3. McNair contends that the court erred by finding that the evidence was sufficient to support a verdict of possessing cocaine with intent to distribute. McNair argues that the State failed to prove that he possessed the contraband for the purpose of sale.

As proof of intent to distribute, the State may introduce "a prior possession with intent to distribute conviction, and expert testimony

that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal use." (Citations and punctuation omitted.) *McNair v. State*, 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997). Here the State introduced a certified copy of McNair's 1994 conviction of possession with intent to distribute and expert testimony that the more than fifty pieces of cocaine collected from McNair far exceeded the one or two pieces a personal user generally possessed. This evidence sufficed to sustain the conviction. *Burse v. State*, 232 Ga. App. 729, 730 (1) (503 SE2d 638) (1998); *Lindley v. State*, 225 Ga. App. 338, 341 (1) (484 SE2d 33) (1997).

4. McNair's final argument is that the court erred by admitting the contraband into evidence after the State failed to establish a sufficient chain of custody.

The burden on the State was to show, with reasonable certainty, that the evidence examined was the same as that seized, and that the evidence was not tampered with or substituted. *Marshall v. State*, 213 Ga. App. 186, 187 (2) (444 SE2d 130) (1994). At trial, Investigator Johnson testified that he weighed and packaged the cocaine retrieved from McNair and placed it in the evidence locker. The package weighed 22.7 grams. Officer Nelson testified that she removed the cocaine from the evidence locker, catalogued it, and returned the package to the evidence room until she transported it to the state crime lab. Susan Strickland testified that she received the package of cocaine from Officer Nelson. Strickland testified that she removed the cocaine and dirt mixture from the plastic bag and that it weighed 15.3 grams.

A discrepancy between the arresting officer and the crime lab chemist regarding the amount of cocaine in an exhibit does not go to the admissibility but the weight of the evidence, which is a matter for the jury to decide. *Allison v. State*, 217 Ga. App. 580, 582 (3) (459 SE2d 557) (1995); see *Dean v. State*, 211 Ga. App. 28, 31 (3) (438 SE2d 380) (1993) and cits. therein.

Moreover, in reviewing the trial court's findings on the chain of custody, courts have applied a "clearly erroneous" or "abuse of discretion" standard. *McAllister v. State*, 258 Ga. 795, 796 (1) (375 SE2d 36) (1989) (abuse of discretion); *Jordan v. State*, 223 Ga. App. 176, 183 (3) (477 SE2d 583) (1996) (clearly erroneous). Because each witness identified the evidence and testified as to how they received, returned, or delivered it, the evidence supported the trial court's finding that the chain of custody was properly established. The finding was neither an abuse of discretion nor clearly erroneous.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 8, 1999.

*June S. Gamble*, for appellant.
*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.