A00A0988. PRUITT v. THE STATE.
(538 SE2d 874)

PHIPPS, Judge.

Randall Pruitt was charged by accusation with theft by taking a motor vehicle and theft by taking jewelry worth over $500, both felonies. He was convicted on both counts, but the jury found that the jewelry was worth less than $500, which reduced that count to a misdemeanor. On appeal, Pruitt argues that (1) he was improperly charged by felony accusation instead of by indictment, (2) the evidence was insufficient to support his conviction for theft of a motor

vehicle because the State failed to prove venue beyond a reasonable doubt, and (3) there was a fatal variance between the accusation and the proof at trial regarding venue. Because we find that the State had authority to proceed to trial on the accusation and that venue was properly proven, we affirm.

In August 1997, Pruitt began subletting an apartment leased to David Vogelpohl, who was incarcerated at the time. Vogelpohl owned a 1991 pickup truck, which he left with his girlfriend. When their relationship ended, Vogelpohl asked her to take the truck to his apartment, where Pruitt was living, and leave it there. When she delivered the truck, she instructed Pruitt not to drive it because it was not insured.

Subsequently, Neal Armstrong moved into the apartment with Pruitt. Armstrong wrecked Pruitt's car one night. After that, Pruitt obtained liability insurance on Vogelpohl's truck and began driving it. Pruitt drove Armstrong in Vogelpohl's truck to a pawnshop twice and helped him pawn gold necklaces. Pruitt claims that he later discovered that the necklaces probably belonged to Vogelpohl. Vogelpohl testified that he last saw his necklaces at his apartment in June 1997. The pawnshop receipts, which bore Pruitt's signature, described necklaces similar to the ones Vogelpohl owned.

On February 16, 1998, Pruitt was driving Vogelpohl's truck in Gwinnett County and was involved in a one-vehicle accident. Contrary to Pruitt's claim, Vogelpohl testified that he had not given Pruitt permission to drive his truck.

The State brought charges by felony accusation against Pruitt for theft of Vogelpohl's truck and jewelry. Pruitt subsequently moved for either indictment or dismissal of the charges. Before trial, the judge determined that Pruitt could be tried on the accusation. Based on the jury's verdict, the judge imposed a felony sentence for the motor vehicle theft and a misdemeanor sentence for the jewelry theft. Pruitt's motion for new trial was denied, and he appeals.

1. Pursuant to OCGA § 17-7-70.1, the district attorney has the authority to prefer accusations in felony cases involving violations of certain Code sections, including OCGA § 16-8-2 (theft by taking), in which defendants have either been bound over to the superior court or have expressly waived a commitment hearing. Pruitt waived his right to a commitment hearing when he posted bond.[1] Therefore, the State was authorized to proceed to trial on the accusation despite Pruitt's objection.[2]

Pruitt argues that the trial court should have conducted a hear-

---

[1] *Lynn v. State*, 236 Ga. App. 600, 601 (1) (512 SE2d 695) (1999).
[2] See *McNair v. State*, 240 Ga. App. 324 (1) (523 SE2d 392) (1999).

ing to determine the applicability of OCGA § 17-7-70.1. Relying on *Chadwick v. State*,[3] he also argues that the trial court's failure to make that determination meant that he could be convicted only of a misdemeanor. We find no merit in either argument.

The trial court properly found that OCGA § 17-7-70.1 was applicable to Pruitt's felony case. Pruitt's reliance on *Chadwick* is misplaced because it involved a felony not listed in OCGA § 17-7-70.1, for which an accusation could not be brought without the assent of the accused. Based on the jury's verdict, the trial court properly sentenced Pruitt as a felon.[4]

2. Pruitt contends the evidence was insufficient to support his conviction for theft of a motor vehicle because the State failed to prove venue in Hall County beyond a reasonable doubt. He claims that the only evidence of his wrongful appropriation of Vogelpohl's truck was the wreck in Gwinnett County and that his possession of the truck in Hall County was lawful.

To determine venue in a prosecution for theft by taking a motor vehicle, "the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft."[5] Pruitt testified that he lived in Vogelpohl's Hall County apartment and that he obtained insurance on Vogelpohl's truck in Hall County. Pruitt also testified that he had driven Vogelpohl's truck to a pawnshop about three miles from the apartment to help Armstrong pawn the jewelry. Before Pruitt began driving the truck, it was parked outside the apartment in Hall County. Pruitt clearly exercised control over the truck in Hall County when he drove it away from the apartment.

3. Pruitt claims there is a fatal variance between the accusation and the proof at trial regarding venue of the charge for theft of a motor vehicle. Given our determination that venue in Hall County was properly proven, no such variance exists.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 7, 2000.

*Leo E. Benton, Jr.*, for appellant.

---

[3] 236 Ga. App. 199, 202 (3) (511 SE2d 286) (1999).

[4] See *Hood v. State*, 223 Ga. App. 573 (479 SE2d 400) (1996) (trial court not required to sentence defendant for a misdemeanor simply because the State used an accusation instead of an indictment).

[5] OCGA § 16-8-11; *Parrott v. State*, 190 Ga. App. 784, 786 (4) (380 SE2d 343) (1989).

*Lydia J. Sartain, District Attorney, Jason J. Deal, Assistant District Attorney*, for appellee.