## A02A1533. SMITH v. THE STATE.
(567 SE2d 359)

ELLINGTON, Judge.

A Walker County jury convicted Cornelius Smith of theft by bringing stolen property into the state, OCGA § 16-8-9, and giving a false name, OCGA § 16-10-25. Smith appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his theft conviction. We affirm.

On appeal, this Court views the evidence in the light most favorable to the verdict using the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). On appeal Smith no longer enjoys the presumption of innocence, and we do not weigh the evidence or judge the credibility of witnesses. *Casey v. State*, 267 Ga. 433, 434-435 (479 SE2d 715) (1997). Viewed in this light, the record shows the following. On December 8, 1997, Tjuana Duckett's 1991 white Nissan Sentra was stolen from the parking lot of her apartment complex in Chattanooga, Tennessee. Duckett saw her car being driven from the lot. She followed the thief in a friend's car, flashing her headlights to get the thief to stop. After being pursued for almost ten minutes, the thief pulled over by the side of the road. Duckett approached the thief and asked for her car back. The thief said he would give Duckett her car back for $20; however, when Duckett walked toward him, he drove away.

On December 14, 1997, police discovered Duckett's car in LaFayette, Georgia, parked behind a church. The car had an improper Georgia tag on it, but the police were able to trace the car to Duckett through its vehicle identification number. Duckett identified her car and her personal effects found in the car.

Several witnesses testified that "D. C.," who was later identified as Cornelius Smith, had been driving the car in Georgia. Smith had been staying with his girlfriend, Becky Singleton, who lived a few blocks away from the church where the car was found. Singleton testified that Smith arrived at her house in LaFayette about five hours after the car was reportedly stolen. He was with his friend "Twin," who, despite the nickname, looked nothing like Smith. Witnesses testified that Smith appeared to be in possession of the car, though he let others drive it. Singleton testified that the car contained a woman's personal effects. She also noticed that, at that time, the car had a Tennessee tag. Smith explained that he borrowed the car from a cousin in Chattanooga. Witnesses testified that Smith parked the

car so that the tag was not visible from the street. The police later found Duckett's Tennessee tag discarded beside a highway.

When Smith was arrested, he told a law enforcement officer that his name was Eric Stewart. Smith also told his girlfriend, who knew him only as "D. C.," to report his name as "Eric Smith" if the police ever came looking for him. Smith said he knew the car was stolen, but that he did not steal it. Duckett, however, picked Cornelius Smith's picture out of a photographic lineup and identified him in court as the person who took her car.

Smith contends the evidence was insufficient to support his conviction for theft by bringing stolen property into the state. He argues that there was no evidence that he was the one who brought the car into Georgia. OCGA § 16-8-9 provides that "[a] person commits the offense of theft by bringing stolen property into this state when he brings into this state any property which he knows or should know has been stolen in another state." See also *Cunningham v. State*, 222 Ga. App. 740, 742 (1) (b) (475 SE2d 924) (1996). In this case, witness testimony places Smith in possession of the car in Tennessee minutes after the theft and in possession of the car in Georgia hours after the theft. Smith admitted that he knew the car was stolen. The testimony of other witnesses establishes that Smith took custody and control of the car, treated it as his own, and even explained that he came into possession of the car by virtue of a cousin in Tennessee. Given this evidence, the jury could infer that Smith drove or participated in driving the stolen car from Tennessee to Georgia. Viewed with all inferences in favor of the jury's verdict, the evidence adduced at trial was sufficient to enable a rational trier of fact to find Smith guilty of theft by bringing stolen property into the state. See *Watson v. State*, 252 Ga. App. 244, 246-247 (2) (555 SE2d 896) (2001).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JUNE 19, 2002.

*Jennifer E. Hildebrand, Melodie S. Bedford,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney,* for appellee.