**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 9, 2016**

# In the Court of Appeals of Georgia

A16A0523. JONES v. THE STATE.

BRANCH, Judge.

After he failed to return a car he had rented in Tennessee, Randall Jones was apprehended while driving the car in Gordon County and charged with theft by conversion and by bringing stolen property into the state. On appeal from his conviction on both of these counts, Jones argues that the verdict is mutually exclusive and therefore contrary to law. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the

prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation and emphasis omitted).

Thus viewed in favor of the jury's verdict, the record shows that on December 5, 2013, Jones rented a 2004 Mazda from Tweety's Automart in East Ridge, Tennessee. The signed rental agreement provided that Jones could drive the car 800 miles per week and that Jones would return the car by December 9, or four days later. At trial, Jones admitted that he had driven the car to California to see his son, stayed "just a couple of hours," and returned to the Southeast without meeting his son. On December 9, 2013, however, Jones ran out of gas in Atlanta. Jones spent the night in Atlanta but did not call Tweety's, which could not reach Jones and reported the car stolen on December 10.

On December 11, a police officer driving on Interstate 75 in Gordon County recognized the car from a police alert for a stolen vehicle and stopped the car. Jones was driving at the time of his arrest, and the car's odometer showed that it had been driven 5,109 miles, or more than four thousand miles over the authorized amount.

Jones was charged with theft by conversion and theft by bringing stolen property into Georgia. The trial court charged the jury that under OCGA § 16-8-11,

both of these crimes "shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." After a jury found him guilty on both counts, Jones was convicted and sentenced to five years on each count, running concurrently, with two to serve. Jones's motion for new trial was denied.

On appeal, Jones's sole assertion of error is that the verdict was mutually exclusive as to the two crimes charged because it was impossible for him to have stolen the car in Tennessee and also to have possessed it lawfully in Georgia before converting it to his own use. We disagree.

As the Supreme Court of Georgia has recently clarified, the "general rule" is that "a guilty verdict cannot be challenged on the ground that the jury's verdict of guilt on one count of an indictment is inconsistent with an acquittal on another count." *State v. Springer*, 297 Ga. 376, 377 (1) (774 SE2d 106) (2015), citing *United States v. Powell*, 469 U.S. 57, 68-69 (105 SCt 471, 83 LE2d 461) (1984) and *Dumas v. State*, 266 Ga. 797, 799 (471 SE2d 508) (1996). "Such verdicts are deemed constitutionally tolerable because they may reflect an exercise of lenity by the jury that is not necessarily grounded in its view of the evidence." *Springer*, 297 Ga. at 377 (citation and punctuation omitted). A verdict is mutually exclusive only when "[a]

3

jury, in finding the defendant guilty of both counts, necessarily reached two positive findings of fact that cannot logically mutually exist." Id. at 379 (1) (citation and punctuation omitted). In this case, the two crimes of theft by conversion and bringing stolen property into the state can logically mutually exist.

> OCGA § 16-8-4 (a) provides that
> [a] person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

OCGA § 16-8-4 "is not intended to punish a simple breach of contract"; rather, it is [t]he presence of fraudulent intent [that] distinguishes theft by conversion from breach of contract." *Tukes v. State*, 250 Ga. App. 117, 118 (1) (a) (550 SE2d 678) (2001) (footnote omitted). OCGA § 16-8-9 provides that "[a] person commits the offense of theft by bringing stolen property into this state when he brings into this state any property which he knows or should know has been stolen in another state."

The State presented evidence that Jones drove the Mazda far in excess of the lease's specification of maximum mileage well before he arrived in California, let

4

alone before he attempted to return to Tennessee via Georgia. Jones also testified that he drove the car to California in order to see his son there. Although Jones lawfully obtained the car, this jury was entitled to infer fraudulent intent to convert the car from Jones's setting out for a destination thousands of miles away from Chattanooga even though the rental agreement specified that he drive the car no more than 800 miles. See *Williams v. State*, 328 Ga. App. 898, 900 (1) (763 SE2d 280) (2014) (defendant's failure to make monthly payments on or return rented televisions, as required under rental contract, was sufficient to sustain a finding that she was guilty of converting the televisions to her own use); *Tukes*, 250 Ga. App. at 118-119 (finding evidence of defendant's retention of cash in violation of a contract sufficient to sustain his conviction for theft by conversion). When Jones later returned to Georgia in the same converted car, the evidence authorized this jury to conclude that he committed the crime of bringing stolen property into the state. See *Smith v. State*, 256 Ga. App. 22, 22 (567 SE2d 359) (2002) (testimony placing defendant in possession of car in another state minutes after a theft and in possession of the same car in Georgia hours after the theft was sufficient to sustain his conviction for bringing stolen property into the state).

Although Jones's conversion of the car took place well before he arrived in Georgia, venue was established in Georgia because, as the trial court properly charged the jury, that conversion "shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." OCGA § 16-8-11. Because Jones was seen exercising control over the car in Gordon County, venue was appropriate in that county. *Pruitt v. State*, 245 Ga. App. 801, 802 (2) (538 SE2d 874) (2000) (venue in prosecution for theft by taking a motor vehicle was proper in Hall County when defendant exercised control over vehicle in that county).

Our determination that evidence of venue in Georgia was sufficient does not mean, however, that the conversion actually happened in Georgia such that Jones must have brought the car into Georgia lawfully. A person's "guilty knowledge" as to the status of property as stolen in another state "can be established by direct or circumstantial evidence and can be inferred from circumstances which would, in the opinion of the jury, lead a reasonable person to believe that the vehicle was stolen." *Cunningham v. State*, 222 Ga. App. 740, 742 (1) (b) (475 SE2d 924) (1996) (citation omitted). Jones himself testified that he drove the Mazda from Chattanooga to California after signing an agreement to drive it no more than 800 miles. This jury

6

could reasonably infer that Jones fraudulently converted the car to his own use well before entering Georgia on his return trip to Chattanooga, and was also authorized to conclude that he knew he had thus converted the car when he entered Georgia, thereby bringing stolen property into the state. *Cunningham*, 222 Ga. App. at 742 (1).

In sum, the verdict before us cannot be characterized as mutually exclusive because the two crimes of theft by conversion and bringing stolen property into the state logically mutually exist – that is, the evidence before this jury authorized it to conclude both that Jones converted the car to his own use outside of Georgia and that he then brought the same car into Georgia. We therefore affirm Jones's conviction.

*Judgment affirmed. Ellington, P. J., and Mercier, J., concur.*