# Court of Appeals
# of the State of Georgia

ATLANTA,  August 24, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0138.  OLLIE MCNAIR v. THE STATE.**

In 1998, a jury found Ollie McNair guilty of possession of cocaine with intent to distribute, tampering with evidence, and obstruction of an officer.  McNair's convictions were affirmed on appeal.  *McNair v. State*, 240 Ga. App. 324 (523 SE 2d 392) (1999).  In May 2017, McNair filed a "Motion to Set Aside Void Judgment," pursuant to OCGA § 9-11-60, asserting the arrest warrant was not supported by probable cause.  The trial court denied the motion, noting that OCGA § 9-11-60 is not applicable in this context.  McNair then filed this direct appeal.

Although a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, a defendant must first raise a colorable claim that the sentence is, in fact, void or illegal.  *Harper v. State*, 286 Ga. 216, 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Here, McNair does not assert that the trial court imposed a sentence the law does not allow.  Rather, he takes issue with the legality of his underlying convictions.  The Supreme Court has made clear, however, that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal from an order denying or dismissing such a petition or motion must be dismissed.  See id.; *Harper*, 286 Ga. at 218 (2). Accordingly, McNair's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/24/2017__
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*