302 Ga. 730
FINAL COPY

S17G0118. JONES v. THE STATE.

Boggs, Justice.

A jury found Randall Lee Jones guilty of bringing stolen property into the State of Georgia and theft by conversion of the same property. The Court of Appeals rejected Jones' claim that the two verdicts are mutually exclusive. Jones v. State, 337 Ga. App. 687 (787 SE2d 330) (2016). We granted Jones' petition for certiorari, directing the parties to address two questions:

> 1. Did the Court of Appeals correctly construe OCGA § 16-8-11?

> 2. Was the Court of Appeals correct in holding that guilty verdicts for theft by conversion and theft by bringing stolen property into Georgia were not mutually exclusive?

We answer both questions in the negative and therefore reverse.

The evidence at trial showed that on December 5, 2013, Jones rented a 2004 Mazda sedan for five days from an auto rental business in Chattanooga, Tennessee. The rental agreement provided that Jones was to return the vehicle

four days later, on December 9, and provided "800 weekly" under "miles allowed."[1] However, Jones drove the vehicle to California intending to visit his son, stayed only a couple of hours, and then proceeded back. He testified that on December 9, he ran out of money, gas, and power for his cell phone while driving through Atlanta,[2] and that when his mother wired him funds, he resumed his trip to Chattanooga to return the vehicle. When Jones did not return the vehicle on December 9, the auto rental agency, after failed attempts to contact him, reported it stolen on December 10. On December 11, as Jones was driving north on Interstate 75 through Gordon County, he was stopped and arrested by patrol officers who had received a "BOLO" for the vehicle.[3] He was charged with theft by conversion and theft by bringing stolen property into Georgia. The

---

[1] The rental agreement also provided a rate of $0.35 per mile that was circled, presumably for mileage in excess of the 800 miles allowed. Also circled on the agreement were the rental fee per day and per week, the collision damage waiver fee per day, the sales tax, and the clean up fee. Jones testified that the rental agent told him that if he went over 800 miles, he would be charged $0.35 per mile, and that he knew he would not be able to make it to California and back in less than 800 miles. However, we do not address the sufficiency of the evidence here.

[2] Jones was not asked and did not explain why his route to California from Chattanooga took him through Atlanta.

[3] When the vehicle was recovered the odometer showed that Jones had driven it 5,109 miles.

jury found Jones guilty on both counts, and the trial court imposed concurrent five-year terms to serve two, and $1,472 in restitution.

Jones' motion for new trial was denied, and the Court of Appeals affirmed his convictions, rejecting his argument that the verdicts were mutually exclusive. 337 Ga. App. at 687. The court held that the jury was entitled to infer fraudulent intent to convert the vehicle from Jones "setting out for a destination thousands of miles away from Chattanooga even though the rental agreement specified that he drive the vehicle no more than 800 miles," and that, when he later returned to Georgia in the same converted vehicle, the evidence authorized the jury to conclude that he committed the crime of bringing stolen property into the state. Id. at 689. The court held further that, although conversion took place well before Jones arrived in Georgia, venue was established in Gordon County, where Jones exercised control over the vehicle, as the trial court properly charged the jury on OCGA § 16-8-11 (venue for theft). Id.

OCGA § 16-8-9 provides that "[a] person commits the offense of theft by bringing stolen property into this state when he brings into this state any property which he knows or should know has been stolen in another state." One count of the accusation charged Jones with bringing into the State of Georgia

3

the Mazda he rented which he "knew was stolen in another state, to wit: the state of Tennessee." OCGA § 16-8-4 (a) provides:

> A person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

A second count charged Jones with converting the Mazda to his own use in violation of the rental agreement.

"[V]erdicts are mutually exclusive where it is legally and logically impossible to convict the accused of both counts." (Citation and punctuation omitted.) State v. Springer, 297 Ga. 376, 378 (1) (774 SE2d 106) (2015). To find Jones guilty of theft by bringing the stolen Mazda into Georgia, the jury must have determined that he knew or should have known the Mazda was stolen (by him) in *another* state. If Jones stole or converted the Mazda in another state, he could not at the same time have stolen or converted it in Georgia. Cf. Thomas v. United States, 314 F2d 936, 939 (5th Cir. 1963) (under evidence presented, guilty verdicts for both smuggling marijuana into the United States and obtaining the marijuana within the United States could not stand). Conversely,

4

if Jones stole or converted the Mazda in Georgia, he could not have brought stolen property into the state under OCGA § 16-8-9, because that Code section applies to property stolen in another state. In finding Jones guilty on both counts, the jury "necessarily reached two positive findings of fact that cannot logically mutually exist." (Citation and punctuation omitted.) <u>Springer</u>, supra, 297 Ga. at 379. The verdicts were therefore mutually exclusive.

The State argues that "the result of the theft by conversion was possessing the stolen motor vehicle in Gordon County, Georgia, which occurred within this state. The theft by conversion in the case was essentially a continuing offense." The State asserts further that Jones committed the theft by conversion before he entered Georgia, but because he "exercised control" over the already-converted vehicle in Gordon County, venue for the theft by conversion was proper there.[4] But the State conflates venue with the elements of the crimes, and the Court of Appeals likewise improperly applied the applicable venue statute in its analysis.[5]

---

[4] The State argues that Jones converted the vehicle by driving in excess of 800 miles, but such a broad theory could lead to the conclusion that any breach of contract constitutes the crime of theft by conversion.

[5] We note that the trial court instructed the jury:

> Now, in this case, for prosecution of a charge of theft by conversion or

5

In general, "[c]riminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law." OCGA § 17-2-2 (a). OCGA § 16-8-11, the venue statute specified for theft crimes, provides:

> In a prosecution under Code Sections 16-8-2 through 16-8-9 and 16-8-13 through 16-8-15, the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft. In addition, in any prosecution under Code Section 16-8-4 in which there is a written rental agreement for personal property, the crime shall also be considered to have been committed in the county in which the accused signed the rental agreement.

The purpose of these Code sections "is to provide for establishment of venue in situations in which there is either some doubt as to which county was the scene of the crime or where the crime in fact occurred in more than one county." Bundren v. State, 247 Ga. 180, 180 (1) (274 SE2d 455) (1981) (decided under former Ga. Code Ann. § 26-302 and former Ga. Code Ann. § 26-1811). Whether two verdicts are mutually exclusive is an altogether different question than whether the State has met its burden of proving venue for the crimes charged.

---

theft by bringing stolen property into the state, for purposes of venue the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft.

Intent is also an essential element of any crime and must be proved by the State beyond a reasonable doubt.

Jones' exercise of control over the already-converted Mazda for purposes of establishing venue is only relevant to a charge of theft by conversion if the conversion took place within the state.

Because the verdicts for theft by conversion and theft by bringing stolen property into the state are mutually exclusive here, reversal of both verdicts is required. See Springer, supra, 297 Ga. at 378 (1), citing Dumas v. State, 266 Ga. 797, 800 (2) (471 SE2d 508) (1996). We therefore reverse the decision of the Court of Appeals.

Judgment reversed. All the Justices concur.

Decided December 11, 2017.

Certiorari to the Court of Appeals of Georgia — 337 Ga. App. 687.

James C. Bonner, Jr., Tyler R. Conklin, for appellant.

Rosemary M. Greene, District Attorney, Sharon M. Fox, Assistant District Attorney, for appellee.